# Richmond.

## FARLEY'S ADMINISTRATOR v. R. & D. R. R. Co.

### APRIL 29th, 1886.

1. PRACTICE AT LAW—*Demurrer to evidence.*—By demurrer to evidence demurrant admits truth of demurree's evidence and proper conclusions therefrom, and waives his own conflicting with, or tending to make a case different from, demurree's. *Rudd's Administrator* v. *R. & D. R. R. Co.*, 80 Va. 546.

2. NEGLIGENT INJURIES—*Contributory negligence.*—Compensation is not recoverable for injuries by defendant's mere negligence, where plaintiff by his own ordinary negligence contributed, so that, but for such contribution, the injury would not have happened; unless the direct cause is defendant's omission (after knowing plaintiff's negligence) to use proper care to prevent its consequence. *R. & D. R. R. Co.* v. *Anderson*, 31 Gratt. 812.

3. IDEM—*Case at bar.*—Plaintiff's intestate was discovered on defendant's railroad track, at a distance of 150 yards, by the engineer of its freight train, which was running at allowable speed of thirty-five miles an hour, and the engineer did all that was possible to be done to stop the train, but was unable to stop it in time to prevent collision with the intestate, who was thereby knocked off the track and killed.

HELD:

    The plaintiff, upon his own showing, is not entitled to recover compensation.

Error to judgment of circuit court of Chesterfield county, rendered 26th May, 1883, in an action of trespass on the case for damages for the negligent killing of John T. Farley, wherein M. E. Richerson, administrator of said Farley, was plaintiff,

and the Richmond & Danville Railroad Company was defendant.   A verdict was rendered for $10,000 damages, subject to the demurrer to the plaintiff's evidence; which demurrer the court sustained, and rendered judgment for the defendant. And to this judgment the plaintiff obtained from one of the judges of this court a writ of error and *supersedeas.*

Opinion states the case.

*P. W. McKinney, T. M. Miller* and *W. J. Dance,* for the plaintiff in error.

*H. H. Marshall,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

The only question in this case is whether the demurrer to the evidence was properly sustained.

The rule in regard to contributory negligence as laid down in *Tuff* v. *Warman,* 5 C. B. (N. S.), 573, the leading case on the subject, is that where the plaintiff has so far contributed to the misfortune by his own negligence or want of ordinary and common care, that, but for such negligence or want of ordinary care and caution on his part, the misfortune would not have happened, there the damages cannot be apportioned and the plaintiff cannot recover.   But to this rule there is this important qualification added by the very accurate judge who delivered the opinion in that case, namely, that "mere negligence or want of ordinary care and caution will not disentitle the plaintiff to recover, unless it were such that, but for that negligence or want of ordinary care and caution, the misfortune could not have happened, nor if the defendant might, by exercise of care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff and the obvious reason

for the qualification is that the mere negligence of the plaintiff cannot operate to discharge the defendant from the duty incumbent upon every person that he must so use his property as not to injure the person and property of his neighbor, if this can be done by the exercise of a proper degree of care on his part."

The rule thus announced has been substantially and generally adopted in this country (see Shear and Redf. on Negligence, 3d ed., sections 25, 36 and 493) and is fully sustained by the decisions of this court in the cases of *Dun* v. *Seaboard & Roanoke R. R. Co.*, 78 Va. 645, and *Rudd* v. *Richmond & Danville R. R. Co.*, 80 Va. 546. In the first of these cases Lacy, J., in delivering the opinion of the court, thus announces the rule: "One who is injured by the mere negligence of another cannot recover any compensation for his injury if he, by his own negligence or wilful wrong, contributed to produce the injury of which he complains; so that, but for his concurring and co-operating fault, the injury would not have happened to him, except where the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence." Now, in the case at bar, if we apply the rule in regard to demurrer to evidence, that is, admit the truth of all the demurree's evidence, and all proper and reasonable inferences therefrom, and waive all of the evidence of the demurrant in conflict with that of the demurree, it is still plain that the judgment of the court below was right. The company undoubtedly had the right to the sole and exclusive use of its track at the place where the injury occurred, and the company or its agents had the right to assume that its track would be unobstructed. When, therefore, the engineer discovered, at the distance of 150 yards, that the man was on the track, and did, as the evidence shows he did, all that was pos-

sible to be done to stop the engine, the company is clearly exempted from liability under the rule above stated.

We think, therefore, that the judgment complained of must be affirmed.

JUDGMENT AFFIRMED.