| 95 | 715 |
| e103 | 426 |
| 95 | 715 |
| 107 | 513 |

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

Rangeley's Adm'r v, Southern Railway Company.

March 31 1898.

Absent, Cardwell, J.

1. Railroads—*Public Crossings—Gates—Duty of Traveller.*—A traveller approaching a railway crossing where gates or other devices. are used for the purpose of warning travellers of approaching trains must use that degree of care which an ordinarily prudent. person would use under like circumstances before going on the. track. While the same degree of care is not required as at crossings where no such devices are used, still he must use his senses to ascertain whether or not a train is approaching. He cannot rely entirely on an open gate as a guaranty of safety.

2. Railroads—*Persons on Track—Approaching Train—Presumption— Liability of Company.*—A railroad company has the right to assume: that a grown person seen on or near its track will get out of the way of an approaching train, and if he fails to do so and is injured, the company is not liable unless it is shown that after the company, by the exercise of ordinary care, could have discovered. that he was not going to get off the track, it could have avoided the injury.

3. Instructions—*Assuming Facts—When Harmless Error—Case at Bar— Contributory Negligence.*—Although an instruction assumes as a fact. a question which should. have been left to the jury, the verdict will not be set aside for that reason, when it appears that it was impossible for the party objecting to the verdict to have been prejudiced thereby. In the case at bar, the evidence shows that the plaintiff was guilty of such contributory negligence as to deprive him of the right of recovery.

Error to a judgment of the Corporation Court of the city of Danville, rendered October 23, 1896, in an action of trespass. on the case wherein the plaintiff in error was the plaintiff, and. the defendant in error was the defendant.

*Affirmed.*

This was an action to recover damages for the death of the plaintiff's intestate alleged to have been occasioned by the negligence of defendant's servants. The following instruction, amongst others, was asked by the plaintiff, and refused by the trial court:

"The court instructs the jury that it was the duty of the defendant railway company to obey the ordinance of the city of Danville in requiring gates at the crossing where the plaintiff's intestate was killed, and if the jury believe from the evidence that the defendant company did not lower the gates upon the approach of the train which killed the intestate, then the said intestate had the right to presume that no train was about to pass, and he, seeing the gates not lowered, was not obliged to stop, look, and listen for the train, and his failure to do so is not contributory negligence."

*Berkeley & Harrison* and *Peatross & Harris*, for the plaintiff in error.

*B. B. Munford*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action was brought to recover damages from the defendant company for running one of its trains over the plaintiff's intestate, at a street crossing in the city of Danville, and causing his death. Upon the trial of the cause a verdict and judgment was rendered in favor of the defendant, and to that judgment this writ of error was awarded.

Three grounds of error are assigned. The first is to the action of the court in refusing to give instruction No. 5 offered by the plaintiff in error.

That instruction in effect informed the jury that a person approaching a railroad crossing where gates are required to be

kept and lowered upon the approach of trains, has the right, when he sees that the gates are not lowered, to presume that no train is approaching, and that he is under no obligation to use his senses to ascertain whether or not a train is approaching.

Whilst the same degree of care may not be required of a traveller approaching a railroad crossing where gates or other devices are used for the purpose of warning travellers of approaching trains, still the traveller must use his senses. He must exercise that degree of care which an ordinarily prudent man would exercise under like circumstances before going upon the track. *Kimball & Fink* v. *Friend, ante,* p. 125, and authorities cited.

The instruction was plainly erroneous, and was properly refused.

The second assignment of error is to the action of the court in giving two instructions asked for by the defendant. The first of these instructions is in these words:

"The court instructs the jury that though they may believe from the evidence that an ordinance of the city of Danville required the defendant to have a gate at the Craghead street crossing, with a man in charge of the same, and to lower said gates whenever a train attempted to cross said street, and though they may believe from the evidence that the defendant company failed to provide said gate keeper at the crossing in question, or to have said gate lowered on the occasion of the accident, and though they may believe that the defendant company failed to have at the front of the train as it approached said crossing, a light, or to signal its approach by bell or otherwise, yet, the said failures on the part of the company did not relieve the plaintiff's intestate, Ellis W. Rangeley, from exercising care and caution in attempting to avoid injury from the approaching train. That it was the duty of said Rangeley before attempting to cross said track, or while standing on or near said track, to look in both directions, and to listen for approaching trains, and that if said Rangeley stepped upon said track without

looking and listening, or stood in such close proximity to said track without looking and listening as to be struck by said train, then said Rangeley was guilty of such contributory negligence as precludes any recovery, and the jury must therefore find for the defendant."

Two objections are urged to this instruction. One is that the court ought to have defined the "care and caution" which it was the duty of the plaintiff's intestate to exercise in approaching the crossing under the facts hypothetically stated in the instruction. We do not think the jury could have been misled by the language complained of, even if the court had not in the same instruction defined the care and caution which it was the duty of the decedent to exercise. In the next sentence it says: "That it was the duty of said Rangeley before attempting to cross the said track, or while standing on or near said track, to look in both directions, and listen for approaching trains, and that if said Rangeley stepped upon said track without looking and listening, or stood in such close proximity to said track as to be struck by said train, the said Rangeley was guilty of such contributory negligence as precludes any recovery, and the jury must therefore find for the defendant." This language leaves no doubt of the degree of care and caution which it was his duty to exercise.

The other ground of objection to the instruction is that it failed to state that although the decedent was guilty of contributory negligence, still the plaintiff was entitled to recover if the defendant could have avoided the injury after it discovered the peril of the decedent, or might have discovered it by the exercise of ordinary care.

There is no evidence tending to prove that the defendant knew that the deceased was on its track until after he was run over. If it had seen him, a man nineteen years of age, possessed of all his faculties, on or near its track it would have had the right to assume that he would get out of the way of the approaching train (*Marks* v. *Petersburg R. Co.*, 88 Va. 1; 3 Elliott on Railroads, sec. 1095); and there is nothing in the evidence

tending to show that after it could have discovered that he was not going to do what it had the right to assume that he would do, it could have avoided the injury.

The other instruction given for the defendant is in these words:

"The court instructs the jury that notwithstanding the negligence of the defendant company, the plaintiff's intestate, Ellis W. Rangeley, had no right to stand on said track, or so near thereto as to be in danger from passing trains without keeping a lookout in both directions for their approach, and that if, in consequence of his position, and of his failure to look and listen, he was struck and killed, there can be no recovery in this case."

The objection made to this instruction is that it assumed that the deceased was standing on or near the railroad track, instead of leaving that question to the jury. Conceding that the instruction does this, and that the court ought to have léft the jury to determine that question, we do not think that the plaintiff was, or could have been, prejudiced thereby. Some of the witnesses say that the deceased was standing on or near the track talking to some one when struck; others say that when struck he had stooped down to light a match. The uncontradicted evidence shows that he was standing on or near the tract, either in an erect or in a stooping position, when struck. There was no evidence whatever that he was moving at that time. It is impossible to conceive how the plaintiff was or could have been prejudiced by the court's assuming as a fact what was proved by the uncontradicted evidence in the case.

The third and last assignment of error is to the action of the court in refusing to set aside the verdict of the jury, because contrary to the law and the evidence, and because of erroneous instructions given.

As we have seen, there was no error to the prejudice of the plaintiff in the instructions given.

Whilst the evidence shows clearly that the defendant was guilty of negligence in the management of its train when

the plaintiff's intestate was run over, it also shows that the unfortunate man was guilty of such contributory negligence as deprived him of the right of recovery.

The record considered as on a demurrer to the evidence shows that the deceased, on the night of the accident, with his companion, left a restaurant, the porch of which extended to within eight or ten feet of the railroad track; that he went to a point on or near the track, and was standing there talking when struck by the defendant's train; that the night was dark, but that the locality was well lighted by electric lamps; that the track was straight in the direction from which the train came, with nothing to obstruct the view in that direction after leaving the restaurant porch; that the train was backing about as fast as a man could walk, not over five miles an hour, up grade, using steam, and that the bell was ringing from the time it commenced to back until after the unfortunate man was run over. These facts fully justified the jury in finding that the plaintiff's intestate was guilty of contributory negligence.

We are of opinion that there is no error in the judgment, and that it must be affirmed.

*Affirmed.*