# Wytheville.

GREEN'S ADMINISTRATOR v. SOUTHERN RAILWAY COMPANY.

JUNE 16, 1904.

1. DEATH BY WRONGFUL ACT—*Negligence—Trespasser—Case at Bar.*—
The evidence in this cause shows that although the deceased was a trespasser on the track of the defendant in error, its servants had sufficient notice of his perilous condition to enable them to avoid the infliction of the injury which caused his death, but failed to do so. A boy was running up the track waiving his hat, he was seen by the fireman on the engine, and the fireman also observed that there was a human being lying on the track, and notified the engineer in time to avoid killing the deceased, but he failed to stop his train in time to avoid the injury. Under these circumstances the defendant in error is liable for the resulting damage.

Error to a judgment of the Circuit Court of Halifax county, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Lee & Howard, Henry Edmunds,* and *James H. Guthrie,* for the plaintiff in error.

*Munford, Hunton, Williams & Anderson,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by Green's administrator against the Southern Railway Company, to recover damages for the death of the plaintiff's intestate, caused, as alleged, by the negligence of the defendant company.

After the evidence for the plaintiff and defendant had been delivered to the jury, the defendant demurred to the evidence. Thereupon the jury ascertained the damages to be $2,750.00. Upon consideration of the demurrer, it was sustained, and judgment given for the defendant. This action of the court is excepted to, and is the sole question presented for our consideration.

At the time of the accident, the deceased was a trespasser, having fallen asleep upon the track of the defendant company, where he lay until run over by one of its trains. The law governing this class of cases is well settled. Indeed, it is not disputed. It is the application of the law to the facts that constitutes the subject of this controversy.

This court, in *Joyner's Case*, quoting from Shearman and Redfield on Negligence, has laid down the law in these words:

"The plaintiff should recover, notwithstanding his own negligence exposed him to the risk of injury, if the injury of which he complains was proximately caused by the omission of the defendant, after having such notice of the plaintiff's danger as would put a prudent man upon his guard, to use ordinary care for the purpose of avoiding such injury. It is not necessary that the defendant should actually know of the danger to which the plaintiff is exposed. It is enough if he has sufficient notice or belief to put a prudent man on the alert, and he does not take such precautions as a prudent man would take under similar notice or belief." *Seaboard R. Co.* v. *Joyner,* 92 Va. 354, 23 S. E. 773; *Tucker* v. *Norfolk R. Co.,* 92 Va. 549, 24 S. E. 229; *Norfolk & W. R. Co.* v. *Dunnaway's Adm'r,* 93 Va. 29, 24 S. E. 698.

It appears that on the morning of the accident the deceased, a boy about seventeen years of age, in company with Patterson Hankins, a boy sixteen years of age, the latter with a gun, went upon the right of way of the defendant company to shoot rabbits. Shortly after reaching the railway track, the deceased lay down, either at the end, or upon the end of a cross-tie and fell asleep. In this position Hankins left him and went northwardly on the track with his gun. On his way back Hankins saw a freight train coming, and immediately commenced running up the track towards the train, waiving his hat for it to stop, and continued to run and waive his hat at the persons upon the approaching engine, whom he could plainly see looking toward him, until the sleeping boy was struck and killed, when he jumped off the track. Upon the demurrer to the evidence these facts are established by the evidence of Patterson Hankins. The fact is established by the evidence of the fireman, introduced on behalf of the defendant, that before the train reached the whistle post, a distance of more than three hundred yards from the sleeping boy, as shown by actual measurement, he saw a boy running towards the train with his hat in his hand, and saw the deceased lying on the track, and that he immediately notified the engineer. The fact is established by the evidence of the engineer, introduced on behalf of the defendant, that the appliances were in good condition for making a quick stop, and that he did actually stop his train in two hundred yards. So that we have the engineer in charge of the train informed of the danger of the deceased when about three hundred yards off, and his own admission that he could have stopped the train in two hundred yards. If, therefore, he had, as was his duty, taken steps to stop the train as soon as he was informed of the peril to which the deceased was exposed, he could have brought the train to a full stop about one hundred yards before he reached the boy sleeping upon the track.

The case is stronger in favor of a recovery than Joyner's

case, *supra,* and is controlled by the principles therein enunciated. In the case cited, the engineer mistook the object lying near the track for an abandoned tie, and the only notice he had of danger ahead was two men running up the track, one of whom was waiving his hat. In that case the defendant company was held liable.

In the case at bar, there was not only the boy running up the track waiving his hat, but the fireman saw that there was a human being lying on the track, and notified the engineer in time for him to have avoided killing the deceased.

For these reasons the judgment complained of must be reversed, and judgment be entered by this court in favor of the plaintiff, in accordance with the verdict of the jury.

KEITH, P., dissenting:

In this case I am unable to concur in the opinion of the majority of the court.

To my mind the evidence is clear and uncontradicted that the engineer in charge of the train, which inflicted the injury upon plaintiff's intestate, did everything within his power to prevent the accident after he became aware of his peril.

CARDWELL, J., concurs with KEITH, P.

*Reversed.*