# Wytheville.

Norfolk and Portsmouth Traction Co. v. O'Neill.

June 10, 1909.

1. EVIDENCE—*Statement of Motorman After Accident—Credit of Motorman as Witness.*—Statements made by a motorman after an accident in reference to the circumstances attending it, are admissible to affect the credibility of the motorman's testimony in the case, though not as an admission binding his company, and the jury should be so informed as to the latter by the court.

2. STREET RAILWAYS—*Persons on Track—Warnings—Personal Injury—Contributory Negligence.*—A traveller on a city street has a right, in order to avoid an obstruction in the street, to go on or near a street railway, and, unless a motorman whose car is approaching from the rear sees that his approach is observed, it is his duty to warn the traveller of the approach of the car, and, if there is danger of running the traveller down, to slow down his car so as to avoid injuring him, if he can do so in the exercise of ordinary care, after he sees or ought to see the traveller's peril. If, in consequence of a disregard of this duty by the motorman, the traveller is injured, he may recover of the railway company, even although he was guilty of negligence in going on or near the track.

3. APPEAL AND ERROR—*Weight of Verdict in Appellate Court.*—Where the evidence is conflicting this court cannot set aside a verdict rendered thereon if there is sufficient evidence to support the verdict, although the court may be of opinion that the preponderance of the evidence is against it.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*H. W. Anderson, W. H. Venable* and *J. R. Tucker,* for the plaintiff in error.

*Jeffries, Wolcott, Wolcott & Lankford,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

Vivian W. O'Neill, an infant nine years of age, whilst riding on a bicycle on Olney road, in the city of Norfolk, upon which was operated a double line of street railway tracks, was injured by a street car of the Norfolk and Portsmouth Traction Company. To recover damages therefor, she instituted her action by her next friend, in which there was a verdict and judgment in her favor. To that judgment this writ of error was awarded.

The first error assigned is to the action of the court in expressing an opinion as to its understanding of what O'Brian, one of the plaintiff's witnesses had stated. Another witness was asked if he knew whether or not the car which inflicted the injury rang its gong as it approached the place of the accident. This question was objected to upon the ground that the motorman was under no obligation to ring the gong unless he saw that the plaintiff (who was riding in the same direction in which the car was moving and near the track) was going to get in front of his car; and that O'Brian had not stated, as the plaintiff claimed he had, that in going around a wagon she was so near the track as to be in danger from the car. The court in ruling upon this objection said, in substance, that it understood the witness, O'Brian, as plaintiff's counsel did; and overruled the objection, but expressly told the jury that the court's understanding of O'Brian's evidence was not to have any weight with them.

While it might have been better to have overruled the objection without expressing any opinion as to what its understanding of O'Brian's testimony was, clearly no prejudice resulted

to the defendant from the court's action, since it plainly appears from the stenographer's notes of the evidence that O'Brian testified as the plaintiff's counsel and the court understood him. His credibility was of course for the jury, and the court expressed no opinion on that question.

Neither did the court err in permitting Dr. Woodward and Mr. Miller to testify as to a statement made by the motorman after the accident in reference to the circumstances attending it. That evidence was admitted as affecting the credibility of the motorman's testimony, and not as an admission binding his company, and the jury were so informed by the court.

The plaintiff offered three instructions, all of which were given. The defendant offered twenty-three, of which seventeen were given. The action of the court in giving those asked for by the plaintiff and in refusing to give six of those offered by the defendant is assigned as error; but the only grounds of objection to the action of the court pointed out in the petition apply to instruction No. 1 given for the plaintiff, and instructions "L" and "M" of the defendant refused by the court.

The objection made to the plaintiff's instruction No. 1 is "not as to the contents of the instruction, but the omission from it of any charge as to contributory negligence."

That instruction is as follows: "The court instructs the jury, that if they believe from the evidence that, immediately preceding the injury complained of, the plaintiff was riding upon and along Olney road, in the city of Norfolk, as alleged in the declaration, and that the defendant's car was approaching her from behind, both going in the same direction, and that by reason of a wagon standing near the curb on said street there was left a narrow space between said wagon and the street car track, and that the motorman of said car either saw, or by the exercise of ordinary care ought to have seen that the plaintiff was about to ride near to or upon the track at that place in passing said wagon, and that she would be in danger of being injured if overtaken by the car at that place, it was the duty

of the motorman to give the plaintiff timely warning, unless he saw that his approach was observed by her, and to reduce his speed to a point sufficient to enable him to stop his car if it became necessary to avoid a collision and to continue to run at such guarded rate of speed until the plaintiff reached a place out of danger of a collision with said car, and if they believe from the evidence that the said servants of the defendant could by the exercise of ordinary care have performed their duty in this respect in time to have avoided the accident, but failed to do so, and that as a direct and proximate result of such failure the plaintiff was injured as alleged in the declaration, they must find for the plaintiff."

If the jury believed the facts hypothetically stated in that instruction, the plaintiff was entitled to recover, even if she had been guilty of negligence in going on or near to the railway track in passing around the wagon. She had the right to go upon or near the track in passing the wagon, and it was the duty of the motorman to warn her of the approach of the car, if there was danger of running her down, and to slow down his car so as to avoid injuring her if he could do so in the exercise of reasonable care after he saw or ought to have seen her peril. That is all that the instruction required of him and was plainly right. See *Richmond Traction Co.* v. *Clarke,* 101 Va. 382, 386-389, 43 S. E. 618, and authorities cited.

The defendant's instruction "L," rejected by the court, was as follows: "The court instructs the jury, that the defendant's car had the right of way at the point on the street at which this accident occurred, and if you believe from the evidence that he was proceeding at a lawful rate of speed, and that the plaintiff, as he approached her was riding a bicycle down the street with her bicycle under control, and far enough from the track for the car to pass her in safety, the motorman owed the plaintiff no duty to slow down or stop the car."

The defendant's instruction "M," which the court also re-

fused to give, was substantially the same as instruction "L," as stated in the petition.

The court gave the defendant's instruction "O," which was as follows: "The court instructs the jury, that the defendant's car had the right of way at the point on the street at which this accident occurred, and if you believe from the evidence that he was proceeding at a lawful rate of speed, and that the plaintiff, as he approached her, was riding a bicycle down the street of the city with her bicycle under control and far enough from the track for the car to pass her in safety, and was not approaching a place of obvious danger of her turning in front of the car, then the motorman owed her no duty to slow down or to stop the car."

The objection made to the court's action in refusing instructions "L" and "M" is, that instruction "O" assumes that the accident occurred before the car had passed the delivery wagon standing near the track, while there was evidence tending to show that it did not occur until after the car had passed the wagon, which latter phase of the case was intended to be cured by instructions "L" and "M."

As we construe instruction "O," it does not assume at what point the accident occurred. It covers both phases of the case, and leaves the jury to determine at what point the plaintiff was injured.

The twenty instructions given in the case covered every aspect of it, and some of them two or three times, and submitted the case to the jury as favorably to the defendant as it was entitled to have it submitted.

The refusal of the court to set aside the verdict as contrary to the evidence is assigned as error.

Without discussing in detail the evidence, which is conflicting, we are of opinion that while the preponderance of evidence is in favor of the defendant's theory of the case—that the plaintiff's injury was caused by her losing control of her bicycle and falling against and under the car as it passed her—

yet there is sufficient evidence to support the verdict of the jury, that the accident was the result of the defendant's negligence.   This being so, and there being no error in the manner in which the case was submitted to the jury to the prejudice of the defendant, the judgment of the trial court, under the well settled practice, must be affirmed.

*Affirmed.*