## Richmond.

CHESAPEAKE AND OHIO RAILWAY Co. v. CORBIN'S ADM'R.

November 18, 1909.

Amended March 13, 1910.

Absent, Buchanan, J.

1. RAILROADS—*Licensee—Lookout.*—Where the roadbed of a railroad company at a given point is, and, for a long time, has been, used with the knowledge and tacit consent of the company as a passageway for the general public at all hours of the day and night, persons so using the roadbed are licensees and the company owes them the duty of ordinary care to keep a reasonable lookout for them at such point, and to endeavor to avoid injuring them. If in the discharge of that duty the engineer in charge of a train could have discovered a licensee on the track (under circumstances which would naturally have induced belief in a reasonable mind that he was unconscious of danger) in time to have warned him of his danger or to have stopped the train and avoided injuring him, and failed to do so, the company is liable.

2. RAILROADS—*Negligence—Discovered Peril.*—The doctrine of discovered peril is a qualification of the general rule that the contributory negligence of the person injured ordinarily bars a recovery. The exception involves the principle that, although the plaintiff has been guilty of negligence in exposing himself to peril, he may nevertheless recover if the defendant, after knowing of his danger, could have avoided the injury by the exercise of ordinary care, and failed to do so.

3. RAILROADS—*Personal Injury—License on Track—Lookout—Negligence—Last Clear Chance.*—A licensee, walking on a railroad track at a point where the company owes him the duty of lookout, may recover for an injury inflicted on him by being struck by a train, notwithstanding his own negligence exposed him to the risk of injury, if the injury of which he complains was proximately caused by the omission of the defendant company, after having such notice of licensee's danger as would put a

prudent man upon his guard, to use ordinary care for the purpose of avoiding such injury. It is not necessary that the company should actually know of the danger to which the licensee is exposed. It is enough if the engineer has sufficient notice or belief to put a prudent man on the alert, and he does not take such precautions as a prudent man would take under simiiar notice or belief.

4. RAILROADS—*Personal Injury—Licensee on Track—Contributory Negligence—Plaintiff Last in Fault.*—The doctrine that a plaintiff may recover for an injury negligently inflicted on him by the defendant, notwithstanding his own contributory negligence, does not apply where the plaintiff's contributory negligence is, in order of causation, either subsequent to or concurrent with that of the defendant. Therefore, while one negligently walking upon a railroad is generally entitled to recover if an engineer, seeing him, makes no effort to check the train, he cannot recover if, after becoming aware of his danger, he makes no proper effort to escape.

5. DEMURRER TO EVIDENCE—*Court to Decide as Jury Might Have Found.*—Upon a demurrer to the evidence, where the evidence is such that the jury might have found for the demurree, it is the duty of the court to enter judgment in his favor.

Error to a judgment of the Circuit Court of Alleghany county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. L. Parrish,* for the plaintiff in error.

*Charles & Duncan Curry* and *William E. Allen,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was brought by the administrator to recover damages of the Chesapeake and Ohio Railway Company for the alleged negligent killing of his intestate, W. W. Corbin.

The writ of error brings under review a judgment for the plaintiff on a demurrer to the evidence.

The accident occurred in the daytime, within the yard limits, in the town of Covington. The railroad, at that point is double-tracked, and runs nearly east and west; east-bound trains run on the southern track, and west-bound trains on the northern track.

For a year prior to his death, Corbin had been working as a laborer in Covington and the vicinity, and on the occasion of the accident he was walking in a westerly direction on the southern track, and stepped off between the tracks to avoid an east-bound freight train. He walked on between the tracks until the train had passed, and then stepped upon the northern track, crossing it diagonally, and continued his westerly course, walking on the ends of the cross-ties outside the northern rail. He had proceeded in that manner twenty or thirty steps when he was struck from behind by a regular west-bound freight train, and fatally injured.

The general contentions on behalf of the defendant company are that the train, consisting of forty-two empty cars drawn by one of its largest engines, was traversing a curve, which so obstructed the engineer's view of the track that though he was keeping a reasonable lookout through the front window of his cab, he did not and could not discover Corbin until after he was struck. The fireman, it was said, was engaged in firing his engine to enable it to overcome the heavy grade of the Alleghany mountain, and consequently was not in position to keep a lookout along the track from his side of the cab; and, moreover, that the plaintiff's right to recover is barred by Corbin's contributory negligence.

On the other hand the fact is not controverted that the road-bed had long been used, with the knowledge and tacit consent of the company, as a common passageway by the general public at all hours of the day and night. Indeed, it was shown to be more traveled by men, women and children, indiscriminately, than the streets of the town. Under these circumstances Corbin

was a licensee upon the right of way, to whom the company owed the duty of ordinary care to avoid injuring him.

The evidence for the plaintiff tended to show that the train was running at the rate of ten or twelve miles an hour, and could have been stopped in one hundred and fifty feet; that the curve ends twenty feet east of the point of collision; and that in looking through the front window of the cab on the engineer's side Corbin could have been seen three rail lengths, or ninety feet, from the cab, which would have placed him forty-five feet in front of the pilot. It was likewise shown by actual experiment that, despite the curvature of the track, an engineer leaning out of the side window of his cab (the position which the witnesses for the plaintiff testified the engineer was occupying at the time of the accident) was visible to a person standing on the end of the cross-ties, where Corbin was when the collision occurred, from one hundred and fifty to two hundred yards. The evidence furthermore tended to show that the engineer was looking in Corbin's direction; that Corbin was walking slowly along the ends of the cross-ties with his back toward the approaching train, and with an umbrella in his left hand, hoisted, and the handle resting across his shoulder, and with his dinner bucket in his right hand; that he was apparently wholly unconscious of danger. One of the witnesses, who passed him shortly before he was struck, testified that he appeared to be ill. Under these conditions, the train was run down upon him without abatement of speed, and without ringing the bell, blowing the whistle, or giving any other signal to warn him of danger. Such warning could have been given when the train was fifty feet away, and one step from the end of the cross-tie would have saved his life.

We are of opinion that upon the demurrer to the evidence the record presents a case for the application of the doctrine of *discovered peril*. That doctrine is a qualification of the general rule that the contributory negligence of the person injured or-

dinarily bars a recovery. The exception involves the principle that, although the plaintiff has been guilty of negligence in exposing himself to peril, he may nevertheless recover if the defendant, after knowing of his danger, could have avoided the injury by the exercise of ordinary care, and fails to do so.

In 29 Cyc. 530, this subject is treated under the sub-heading, *"Injury Avoidable Notwithstanding Contributory Negligence"*; and there is no principle of the law of negligence of more universal application. The text is sustained by decisions of courts of last resort of most of the States of the Union, of the District of Columbia, the United States courts, and the courts of England and Canada; and in no jurisdiction has the principle been more repeatedly announced than by this court. *R. & D. R. Co. v. Anderson's Admr.,* 31 Gratt. 812, 31 Am. Rep. 750; *Clark's Admr.* v. *Same,* 78 Va. 709, 49 Am. Rep. 394; *Farley's Admr.* v. *Same,* 81 Va. 783; *Va. M. Co.* v. *Boswell's Admr.,* 82 Va. 932, 7 S. E. 383; *C. & O. R. Co.* v. *Lee,* 84 Va. 642, 5 S. E. 579; *Seaboard & Roanoke R. Co.* v. *Joyner's Admr.,* 92 Va. 354, 23 S. E. 773; *Washington & So. R. Co.* v. *Lacy,* 94 Va. 460, 26 S. E. 834; *Kimball & Fink* v. *Friend,* 95 Va. 125, 27 S. E. 901; *N. & W. Ry. Co.* v. *Wood,* 99 Va. 156, 37 S. E. 846; *Humphrey's Admx.* v. *Valley Railroad Co.,* 100 Va. 749, 42 S. E. 882; *Richmond Traction Co.* v. *Clarke,* 101 Va. 382, 43 S. E. 618; *Same* v. *Martin's Admr.,* 102 Va. 209, 45 S. E. 886; *Green's Admr.* v. *Southern Ry. Co.,* 102 Va. 791, 47 S. E. 819; *Savage* v. *Same,* 103 Va. 422, 49 S. E. 484; *Brammer* v. *N. & W. Ry. Co.,* 104 Va. 50, 51 S. E. 211; *C. & O. Ry. Co.* v. *Farrow,* 106 Va. 137, 55 S. E. 569; *N. & W. Ry. Co.* v. *Denny,* 106 Va. 383, 56 S. E. 321; *Same* v. *Dean,* 107 Va. 505, 59 S. E. 389; *Same* v. *Davis,* 108 Va. 514, 62 S. E. 337; *Roanoke Ry., etc., Co.* v. *Young,* 108 Va. 783, 62 S. E. 691; *N. & P. Tr. Co.* v. *O'Neill,* 109 Va. 670, 64 S. E. 948; *N. & W. Ry. Co.* v. *Sollenberger, ante,* p. 606, 66 S. E. 726.

In *Seaboard & R. Co.* v. *Joyner, supra,* the court approved an instruction "that though the plaintiff may have been guilty

of contributory negligence, and although that negligence may in fact have contributed to the accident, yet if the jury believed that the defendant could in the result—that is, after it discovered his peril—by the exercise of proper care and due diligence have avoided the mischief which happened, the plaintiff's negligence will not excuse it."

In the present case the jury would have been warranted in drawing the inference from the evidence that the engineer had *actual* knowledge of Corbin's peril.   But it is not necessary to rest the case upon inference.   It is clear that Corbin was a licensee upon the premises of the railway company, to whom its servants owed the duty of keeping a reasonable lookout to avoid injuring him.   If in the discharge of that duty the engineer could have discovered Corbin's presence on the track (under circumstances which would naturally have induced belief in a reasonable mind that he was unconscious of danger) in time either to have warned him of the approach of the train or to have stopped it and avoided the accident, and failed to do so, then the company would be liable.

In *Blankenship* v. *C. & O. Ry. Co.,* 94 Va. 449, 27 S. E. 20, it was held that, where a railroad company knows that its right of way is constantly used as a footway by the public, it is the duty of the servants of the company to exercise reasonable care to discover persons so using the right of way, and to endeavor to avoid injuring them.

In *Williamson* v. *Southern Ry. Co.;* 104 Va. 146, 153, 51 S. E. 195, 197, 113 Am. St. Rep. 1032, 70 L. R. A. 1007, the court said:   "The obligation is not an absolute one to discover the plaintiff, but it is only the duty of using ordinary care to keep a reasonable lookout under the conditions and circumstances existing at the time the point is reached where the licensee may be reasonably expected."

In *N. & W. Ry. Co.* v. *Carr,* 106 Va. 508, 56 S. E. 276, it was held:   "It is the duty of those in charge of a railroad train to keep a reasonable lookout at places constantly used with the

knowledge of the company at all hours of the day by large numbers of men, women and children, and for an injury proximately resulting from a failure to keep such lookout the company is liable."

So, in Shear. & Red. on Neg. (4th ed.) sec. 484, it is said: "A railroad engineer is not bound, usually, to foresee the wrongful presence of any person upon the track, even where it was open to an adjoining highway; nor to foresee the wrongful entry of persons on its cars; but if his experience has shown that persons are constantly thus entering upon the tracks or the cars, such persons, if injured by reason of the engineer's failure to use ordinary care to keep watch for them, may recover damages if the engineer could have seen them without difficulty had he kept a reasonable watch, even though in fact he did not see them. This qualification of the general rule has been sometimes denied, but incorrectly."

At section 99 the learned authors observe: "The plaintiff should recover, notwithstanding his own negligence exposed him to the risk of injury, if the injury of which he complains was proximately caused by the omission of the defendant, after having such notice of the plaintiff's danger as would put a prudent man upon his guard, to use ordinary care for the purpose of avoiding such injury. It is not necessary that the defendant should actually know of the danger to which the plaintiff is exposed. It is enough if he has sufficient notice or belief to put a prudent man on the alert, and he does take such precautions as a prudent man would take under similar notice or belief." 1 Thomp. on Neg., sec. 1737.

In Shear. & Red. on Neg. (5th ed.), sec. 101, it is said: "*Plaintiff Last in Fault.*—The foregoing rule obviously does not apply where the plaintiff's contributory negligence is, in order of causation, either subsequent to or concurrent with that of the defendant. Therefore, while one negligently walking upon a railroad is generally entitled to recover if an engineer, seeing him, makes no effort to check the train, he cannot recover if,

after becoming aware of his danger, he makes no proper effort to escape."

In the case in judgment the negligence of the plaintiff's intestate in walking along the ends of the cross-ties is conceded, and such negligence would have barred a recovery but for the negligence of the engineer (who upon the testimony, viewed as upon a demurrer to evidence, must be held to have discovered the peril in which Corbin was placed) in failing to exercise proper care to avert the mischief which happened. Whether or not he discharged that duty is a question of fact about which reasonably fair-minded men, upon the evidence, might differ. If the jury chose to believe the witnesses for the plaintiff, their testimony was quite sufficient to have warranted them in finding a verdict for the plaintiff, and the rule is well settled that where the jury might have so found on the defendant's demurrer to the evidence, the court must so find. *Bass* v. *Norfolk Ry., etc., Co.,* 100 Va. 1, 40 S. E. 100; *Fisher* v. *C. & O. Ry. Co.,* 104 Va. 657, 52 S. E. 377, 2 L. R. A. (N. S.) 954.

*Affirmed.*