# Richmond.

## SOUTHERN RAILWAY CO. v. JONES' ADMINISTRATOR.

### March 16, 1916.

1. NEGLIGENCE—*Driver and Passenger—Railroads—Grade Crossing.*— While the negligence of the driver is not to be imputed to the passenger, it is the duty of the passenger to use ordinary care for his own safety. In approaching a grade crossing of a railroad he should look and listen for approaching trains. The track is a signal of danger to him, and his failure to exercise reasonable precaution for his own protection is contributory negligence and bars recovery.

2. RAILROADS—*Grade Crossing—Open Gates—Duty of Traveler.*—A traveler approaching a grade crossing of a railroad where gates or other devices are in use must use that degree of care which a person of ordinary prudence would use under like circumstances before going upon the track. While the same degree of care is not required as at crossing where no such devices are used, still he must use his senses to ascertain whether or not a train is approaching. He cannot rely entirely on an open gate as a guaranty of safety. An open gate does not *"justify"* the traveler in starting across the track without looking or listening for approaching trains, and the statement to this effect in *Atlantic Coast Line R. Co.* v. *Grubbs* in 113 Va. 214, was inadvertent.

3. NEGLIGENCE—*Contributory Negligence—Inference—Demurrer to Evidence.*—The inferences to be drawn from the evidence as to contributory negligence must be certain and incontrovertible, or they cannot be made by the court. If, under all the facts and circumstances of the case, it is a question about which reasonably fair-minded men may differ, it must be decided by the jury, and if the jury might have found for the plaintiff, on the defendant's demurrer to the evidence, the court must so find.

Error to a judgment of the Circuit Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Eppa Hunton, Jr.,* and *Thomas B. Gay,* for the plaintiff in error.

*C. V. Meredith* and *R. H. Talley,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This action was brought by the administrator of Harry Jones to recover damages for the death of his decedent, alleged to have been caused by the wrongful act of the Southern Railway Company. The defendant demurred to the evidence and judgment was rendered for the plaintiff upon the verdict of the jury, and the case is before us upon a writ of error.

Joseph Jones, the administrator of his brother, Harry Jones, was driving a one-horse wagon westwardly along Williamsburg avenue, the wagon having a top, but with the curtains raised, and upon the seat beside him was his brother, Harry. The defendant's railway crosses Williamsburg avenue at grade, and an ordinance of the city of Richmond required gates to be established at this point, to be lowered upon the approach of a train. At the time of the happening of the accident the gates were raised. There was no watchman, and no bell was rung, whistle sounded or other warning given of the approach of the train. It cannot, therefore, be questioned that the railway company was guilty of negligence. This, indeed, is admitted, and its defense rests upon the contributory negligence of the defendant in error's decedent.

The train was moving at the rate of about four miles an hour. The horse drawing the wagon was, according to the testimony of the plaintiff, walking. In response to a question as to whether he was driving fast or slow, the plaintiff said: "I was driving in a good walk, you understand, as I always go; I don't never drive fast, but in a good nice walk, coming up the road;" and his own account of the occurrence given in a

narrative form is as follows: "I drove on across and got struck. I had the right of way. I didn't look up; never looked at all. Just drove on out Williamsburg avenue. The gates were up and I thought it was a safe passage. I didn't listen for the train and didn't have no business listening for it. The gates were up. I did not stop, and I did not look, and I did not listen, because the gates were up and it was a clear road there."

The negligence of the driver is not to be imputed to a passenger, but it is the duty of the traveler to use ordinary care for his own safety. The railroad track is to him, as to others, a signal of danger, and his failure to exercise reasonable precaution for his own protection is contributory negligence and bars a recovery. The evidence in this case shows that if the driver or the traveler, either or both, had exercised the most ordinary caution, the accident could never have happened, for, without undertaking to reduce the distance at which the train could have been seen to feet, there is no room to doubt that it could have been seen in time to have prevented a collision. If they had looked they could have seen; if they had listened they could have heard; for it appears by the evidence of a witness— introduced it is true by the defendant, but as to whose statement there is no contradiction—that seeing the train approach from under the bridge, and they seeming not to have seen it, the witness "hollered" to the driver, who paid no heed to the warning.

*Atlantic Coast Line R. Co.* v. *Grubbs,* 113 Va. 214, 74 S. E. 144, correctly states the law as applied to the facts of that case, the court saying that upon a demurrer to the evidence by the defendant, if the jury might have found for the plaintiff, the court must so find; and that open gates at a railroad crossing do not relieve a traveler of the duty of exercising care for his own safety; but it goes further and says, and it is so stated in the third syllabus, that the raising of the gates is a circumstance which *justifies* the traveler in starting across the railroad, and whether, under the circumstances, the traveler exercised

due care for his own safety is a question for the jury. This statement is based upon an expression in the opinion (113 Va. at page 222, 74 S. E. at page 147), where the learned judge who wrote the opinion was discussing the case of *Rangeley* v. *Southern Ry. Co.,* 95 Va. 715, 30 S. E. 386, and other authorities upon that point, that while "open gates at a railroad crossing are no guaranty of safety, meaning, of course, that open gates do not relieve a traveler of a highway crossing the railroad of the duty to exercise ordinary care for his own safety, but those cases recognize that the raising of the gates is a circumstance which *justifies* the traveler on the highway in starting to cross the railroad, and further recognizes that whether one injured in such circumstances exercised due care for his own safety is a question for the jury." We think the word "justifies" was inadvertently used, and certainly goes beyond any warrant given by the authorities cited as bearing upon the subject. *Rangeley* v. *Southern Ry. Co., supra; Kimball & Fink* v. *Friend,* 95 Va. 125, 27 S. E. 901; *Southern Ry. Co.* v. *Aldridge,* 101 Va. 142, 43 S. E. 333, all of which cases use substantially the same language and declare that, whilst the same degree of care may not be required of a traveler approaching a railroad crossing where gates or other devices are used for the purpose of warning travelers of approaching trains, still the traveler must use his senses;" (*Rangeley* v. *Southren Ry. Co., supra*); he must exercise that degree of care which an ordinarily prudent man would exercise under like circumstances (*Kimball & Fink* v. *Friend, supra*); and while all the cases recognize that open gates at a crossing is a circumstance to be considered by the jury in determining whether or not the plaintiff exercised due care, they do not go to the extent of saying that "the raising of the gates is a circumstance which *justifies* the traveler of the highway in starting to cross the railroad." We do not at all question the correctness of the decision in *Atlantic Coast Line R. Co.* v. *Grubbs,* but the use of the word "justifies," both in the syllabus

and in the opinion, is not supported by the authorities, and we have felt constrained to point out what we conceive to be a valid objection to it.

In *Saunders* v. *Southern Ry. Co.,* 117 Va. 396, 84 S. E. 650, and in *Perkins* v. *Southern Ry. Co.,* 117 Va. 351, 85 S. E. 401, it was held that "the inference to be drawn from the evidence as to contributory negligence must be certain and incontrovertible or they cannot be decided by the court. If, under all the facts and circumstances of the case, it is a question about which reasonably fair-minded men may differ, it must be decided by the jury; and if the jury might have found for the plaintiff, on the defendant's demurrer to the evidence, the court must so find."

But in this case the facts seem to us to establish the contributory negligence of the plaintiff's intestate beyond all question and to leave no room for doubt. The plaintiff in the court below, defendant in error here, who was the driver of the vehicle by his own testimony shows that he approached the point of collision without paying the least heed that he was about to cross a railroad track, in and of itself a warning of danger; that he neither looked nor listened, though the evidence plainly shows that had he looked or listened he would have been warned of the danger and must have seen the approaching train; and his evidence conclusively shows that he was relying upon the fact that the gates were up as giving him the unquestioned right of way and as fully justifying him in driving across the track without any precaution whatever for his own safety.

By the side of the driver sat the plaintiff's intestate. All that was visible to the one was equally so to the other, and there is no proof nor even a suggestion that he, more than the driver, by word or act, took any precaution for his own safety. Upon this record they were both equally guilty of the negligence which caused the accident.

We have dealt in several cases with the duty of a traveler approaching a railroad over which a highway or street passes, where the railroad company has erected gates, gongs or other devices to warn travelers of approaching trains. The first of these was *Kimball & Fink* v. *Friend, supra,* and it was there held that, "A passenger about to cross a railroad at a public crossing is bound to use ordinary care to avoid getting into a position in which a collision with a moving train is inevitable;" and that the presence of gates, gongs or other devices must not be entirely relied on; but that the same degree of care is not required of him as would be if such devices were not in use. In that case the plaintiff's evidence showed or tended to show that the traveler who was injured was riding a bicycle; that he did not stop, but there was an absence of proof as to whether he looked or listened; that the gong at the crossing did not ring, nor was any whistle blown or bell rung to give warning of the approach of the train. It was, therefore, held, upon a demurrer to the evidence, that the railroad company was liable for damages. It will be observed that there was an entire absence of proof that the party injured stopped, looked or listened, and the court held that there being a presumption, though slight, that the traveler did his duty on approaching the track, it was a case for the jury, and the verdict could not be disturbed.

In *Rangeley* v. *Southern Ry. Co., supra,* it was held that "A traveler approaching a railway crossing where gates or other devices are used for the purpose of warning travelers of approaching trains must use that degree of care which an ordinarily prudent person would use under like circumstances before going on the track. While the same degree of care is not required as at crossings where no such devices are used, still he must use his senses to ascertain whether or not a train is approaching. He cannot rely entirely on an open gate as a guaranty of safety." And a recovery was denied.

The ordinary test applying to the duty of a traveler approaching the crossing of a railroad track is that he shall use ordinary care for his own protection, and if there be doubt upon the evidence whether or not such care was used, it is a case for the jury; but here it appears beyond question that no care whatever was used, reasonable or otherwise, on the part either of the driver or his companion, and under such circumstances there can be no recovery.

We are, therefore, of opinion, without passing upon other questions raised, that the judgment of the circuit court should be reversed, and this court will enter such judgment as the circuit court should have rendered.

*Reversed.*