## Pyne *v.* Delaware, Lackawanna & Western Railroad Company, Appellant.

*Railroads—Negligence—"Stop, look and listen"—Signals—Evidence—Charge.*

In a grade crossing accident case where the plaintiff and two other witnesses testify that no whistle was blown nor bell rung, and eight or nine witnesses for the defendant testify that a whistle was blown and bell rung at the proper places before the train approached the crossing, it is the duty of the court to call the attention of the jury to the kind and character of the testimony offered so that intelligent consideration may be given and correct conclusion may be reached.. If the charge as a whole meets this requirement, and no specific request for instructions on this subject is asked for, the court cannot be convicted of error.

In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing, it appeared that plaintiff drove towards the crossing and stopped at the usual place and looked up and down the tracks while a freight train was passing. He waited until this train had passed the crossing upwards of 300 feet. He then stood up in his wagon and saw a freight train about three-fourths of a mile away, coming in the same direction and on the same track as the one that had just passed. He also saw a work train of five or six flat cars standing on the second switch about thirty feet to the south side of the crossing. He looked up and down the track before starting his team, but his general view was obstructed by the freight train which had slowed down, and to some extent by the work train and the breaker. He did not see the approaching passenger train which struck him, on the north bound main track, until it was about 100 feet distant from the crossing. He could not then save himself and extricate his team from the impending danger. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Where there is doubt as to the inference to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care required varies with the circumstances, the question of negligence is necessarily for the jury.

Argued April 11, 1905. Appeal, No. 280, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1901, No. 590, on verdict for plaintiff in case of James Pyne v. Delaware, Lackawanna & Western Railroad Company.    Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries.    Before LYNCH, P. J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows :

[It was the duty of the company to give proper warning at a proper place of the approach of the passenger train.    If the company through its servants performed that duty on this occasion, in the usual way, by blowing a whistle, or ringing a bell, or both, depending upon circumstances, plaintiff cannot recover.    The plaintiff, in order to show the company was neglectful in this particular, testified he listened, that neither a bell was rung nor a whistle blown.    Two witnesses, docking bosses, I think, testified that they were at the top of the lookout breaker, saw most of the occurrence, that the whistle did not blow ; the last witness said he did not remember that the bell rang, and if it had rung he would remember it, the other said he was not sure, would not say whether the bell rang or not ; there may have been other witnesses but I call your attention to these because it appears to me, if you believe them, they were in a position to hear and see.    Upon the side of the defendant, many witnesses have been called—persons who were upon the passenger train, workmen who were upon the passenger train, workmen upon other trains and some persons who stood by—who testified just as positively the whistle was blown and the bell rung.    The engineer testified he started the bell— an automatic bell—ringing, as I remember it, very near Kingston.

This is a question of fact, a question as to the credibility of

the witnesses, and you are the judges of these facts and of the credibility of these men. It is not my province and I have no right to interfere where it is your duty to decide. You are to judge of the men from any apparent interest or bias they may have shown or have in the case, from their appearance, their manner of testifying; size them up, generally, as they appeared before you, in the witness stand and as you listened to the testimony, then decide upon their credibility. Believe them all if you can. If you cannot, then give credit to those whom you think are entitled to credit. If you decide as testified to by several witnesses upon the part of the defendant, that the whistle on the passenger locomotive was blown at or near the signal post, which was in the neighborhood of a thousand feet below the crossing, the defendant did its whole duty and, however unfortunate it may have been for Mr. Pyne, he cannot recover in this action. If you believe the signals were not given, you will pass to the next question.] [3]

Defendant presented this point:

4. If the jury believe that the plaintiff could have seen the train after he started and before he reached the east-bound track, it was his duty to have stopped before driving thereon and his failure to do so was negligence for which he cannot recover in this suit. *Answer:* I decline to affirm this point, for this reason: The point, in substance is, that after Mr. Pyne started, if he saw the approaching passenger train before he reached the track upon which it was running it was his duty to stop. I cannot say so, as a matter of law, because it would mean it was his duty to stop at any instant before his horses were actually upon the track, and with the second approaching freight train, and with the approaching passenger train, it is for you to say whether a man placed in such a predicament would have the presence of mind to know what to do. If he placed himself in an unfortunate position he would have to put up with it, but if the company, by its servants and trains, place him in an unfortunate and dangerous position, it could not require him to use good judgment instantly. [2]

. Verdict and judgment for plaintiff for $6,572. Defendant appealed.

*Errors assigned* were (2, 3) above instructions, quoting them.

*A. H. McClintock* and *J. L. Lenahan*, with them *Arthur Hillman*, for appellant.—The plaintiff was negligent in not waiting a reasonable time for the passing freight train to get away so far that he could have seen the passenger train at such a distance as to avoid being struck: Kraus v. Penna. R. R. Co., 139 Pa. 272; Corcoran v. Penna. R. R. Co., 203 Pa. 380; Hughes v. D. & H. Canal Co., 176 Pa. 254.

The plaintiff was negligent in not looking in the direction of the approaching train, when nothing obstructed his view, and driving on the track and being almost immediately struck: Harvey v. Erie R. R. Co., 210 Pa. 95; Corcoran v. Penna. R. R. Co., 203 Pa. 380; Canfield v. B. &. O. R. R. Co., 208 Pa. 372.

There was overwhelming, positive testimony, as against hardly a scintilla of negative evidence, as to the giving of signals, and the court should have given binding instructions: Lonzer v. Lehigh Valley R. R. Co. 196 Pa. 610; Holland v. Kindregan, 155 Pa. 156; Knox v. P. & R. R. Co., 202 Pa. 504.

The court did not call the attention of the jury in any way, much less in a pointed manner, to the great difference between positive and negative evidence of the giving of the signal: Urias v. Penna. R. R. Co., 152 Pa. 326; Holden v. Penna. R. R. Co., 169 Pa. 1; Hess v. R. R. Co, 181 Pa. 492.

*John T. Lenahan*, with him *Edward A. Lynch*, for appellee.—The present case is ruled by McNeal v. Ry. Co., 131 Pa. 184; Davidson v. Ry. Co., 171 Pa. 522; Wolfe v. Penna. R. R. Co., 22 Pa. Superior Ct. 335.

Plaintiff was not guilty of contributory negligence: Phila. & Reading R. R. Co. v. Carr, 99 Pa. 505; Philpott v. Penna. R. R. Co., 175 Pa. 570; Hughes v. D. & H. Canal Co., 176 Pa. 261; Bard v. Ry. Co., 199 Pa. 94; Canfield v. R. R. Co., 208 Pa. 372.

OPINION BY MR. JUSTICE ELKIN, May 15, 1905:

The answer of the appellant to the claim of the appellee is, first, that there was no negligence on part of defendant, and second, there was such contributory negligence by the plaintiff as to prevent his recovery in this action. The accident occurred

at a grade crossing familiar to both parties. It was the duty of the appellant to use due care and caution in running its engine and hauling its train at this point, and to give suitable and timely warning of the approach thereof, by ringing a bell, blowing a whistle, or giving other danger signals. Did it meet this requirement of the law? If so, there can be no recovery.

The appellee testified that no whistle was blown nor bell rung, and that no other danger signal was given. Two other witnesses corroborated his testimony in this respect in whole or in part. The appellant produced eight or nine witnesses who testified that the whistle was blown and bell rung at the proper places before approaching the crossing. Here, then, is a conflict of testimony which is generally for the jury. In such cases the court should call the attention of the jury to the kind and character of the testimony offered so that intelligent consideration may be given and correct conclusion may be reached. The appellant contends that the learned trial judge erred in not so doing. The court was not requested to call attention to the so-called positive and negative testimony of witnesses by a point submitted for the purpose, and we must therefore examine the general charge to see whether the case was properly presented to the jury. While the court did not specifically call the attention of the jury to the kind and quality of testimony submitted, yet the charge as a whole fully covered every point involved in the case, and under the circumstances we think the matter complained of is not reversible error. The learned court fairly left the entire question to the jury, where it properly belonged.

It was the duty of the appellee to stop, look and listen before going upon the crossing, and even after starting over the same it was his further duty to exercise reasonable and due care in order to avoid danger and accidents. If he failed to stop before going upon the track, he would have been guilty of negligence per se. It is conceded, however, that he stopped at the usual place and looked up and down the tracks while a freight train was passing. He waited until this train had passed the crossing upwards of 300 feet. He then stood up in his wagon and saw a freight train about three fourths of a mile away, coming in the same direction and on the

same track as the one that had just passed. He also saw a work train of five or six flat cars standing on the second switch about thirty feet to the south side of the crossing. He looked up and down the track before starting his team, but his general view was obstructed by the freight train which had slowed down, and to some extent by the work train and the breaker. He did not see the approaching passenger train which struck him, on the north-bound main track, until it was about 100 feet distant from the crossing. He could not then save himself and extricate his team from the impending danger. What was his duty under the circumstances? The answer is, ordinary and reasonable care.. Did the degree of care required vary under the facts of this case? We think it did. If so, it was for the jury to determine whether he performed his duty under all the circumstances. Where there is doubt as to the inference to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care required varies with the circumstances, the question of negligence is necessarily for the jury: Pennsylvania Railroad Co. v. White, 88 Pa. 327 ; Penna. R. R. Co. v. Peters, 116 Pa. 206 ; Rusterholtz v. New York, etc., Railroad Co., 191 Pa. 390 ; Cohen v. Philadelphia and Reading Railroad Co., 211 Pa. 227.

Under these authorities as applied to the facts of this case, it was for the jury to say whether the appellee exercised that ordinary and reasonable care required of him under all the circumstances with which he found himself surrounded. The charge of the learned trial judge fairly and adequately presented the case to the consideration of the jury.

Assignments of error overruled and judgment affirmed.