## Wytheville

CHESAPEAKE AND OHIO RAILWAY COMPANY V. CHAPMAN.

June 12, 1913.

Absent, Whittle, J.

1. PLEADING—*Variance Between Writ and Declaration—Oyer.*—If an amendment of a declaration at the bar creates a variance between the declaration and the writ the defendant should crave oyer of the writ and move to quash it because of the variance. The writ, in such case, is no part of the record, and the variance could only be disclosed by making it a part of the record by oyer.

2. APPEAL AND ERROR—*Variance—Harmless Error—Code, Sections 3259 and 3260.*—Variance between the writ and the declaration is a matter of abatement only, and the objection cannot be raised for the first time in the appellate court. If the variance is occasioned by an amendment of the declaration at the bar, and is not taken advantage of by plea, motion or otherwise, and no motion is made for a continuance on account of such variance, and the case is heard and decided on the plea of the general issue, it is conclusively. presumed that the amendment was harmless. Sections 3259 and 3260 of the code with reference to pleas in abatement do apply and were intended to control in just such cases as this.

3. WITNESSES—*Order of Examination—Appeal and Error.*—The order of the examination of witnesses lies chiefly in the discretion of the trial court, and its exercise is rarely, if ever, to be controlled by an appellate court. It will not be reviewed where no prejudice or injury to the party objecting is shown.

4. INSTRUCTIONS—*Credibility of Witnesses—Weight of Testimony.*— The office of an instruction given by a trial court is to guide the jury as to the law applicable to the case which the evidence tends to prove, and it should be so framed as to leave the jury untrammelled in passing upon the credibility of the witnesses and of the weight to be given to their testimony.

5. EVIDENCE—*Positive and Negative Statements—Weight.*—The positive testimony of a single credible witness that he saw or heard a particular thing at a particular time ought  ordinarily to outweigh that of a number of witnesses, equally credible, who, with

the same opportunities, testify that they did not see or hear it, but where a witness, who denies a fact in question, has as good opportunity to see and hear it as he who affirms it, and his attention, because of special circumstances, was equally drawn to the matter, controverted the general rule that the witness who affirms a fact is to be believed rather than he who denies it does not hold good. The denial of the one in such case constitutes positive evidence as well as the affirmance of the other, and produces a conflict of testimony to be decided by the jury.

6. APPEAL AND ERROR—*Verdicts—Conflicting Evidence—Excessive Damages.*—Where the evidence in a case is conflicting, and the case has been fairly submitted to the jury under proper instructions from the court, and the case is heard in this court, as on a demurrer to the evidence by the plaintiff in error, the verdict of the jury will not be set aside as contrary to the evidence or for excessive damages where there is sufficient evidence to support the verdict. In such case the preponderance of the evidence cannot influence the action of the court in considering a motion for a new trial.

Error to a judgment of the Circuit Court of Orange County in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Browning & Browning* and *Henry Taylor, Jr.,* for the plaintiff in error.

*Gordon & Gordon* and *V. R. Shackelford,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This writ of error brings under review a judgment of the circuit court of Orange county in an action brought by defendant in error, Mrs. Josephine M. Chapman, to recover of plaintiff in error, Chesapeake and Ohio Railway Company, damages to growing timber on her lands, oc-

3

casioned by fire alleged to have been set out from one of plaintiff in error's engines, operated in running its trains along its tracks between the towns of Gordonsville and Orange, Va.

One count in the declaration is grounded on negligence in setting out the fire, and the other on the statute, which makes a railway company liable in damages for an injury or loss from fire set out by it.

The defendant in error and her husband, Col. Chapman, each own a tract of land lying side by side, and both abutting on the right of way of the plaintiff in error between Gordonsville and Orange, the railway at that point running a little east of north. Each of said tracts of land extend from the railway company's right of way in an easterly and southeasterly direction for about a mile or a mile and a quarter, to and beyond a road known as the Ridge road, running parallel with the railroad through and across the lands of the defendant in error and Col. Chapman, the latter's land lying to the north of the former's.

The theory of defendant in error is that, shortly after the passage of one of the plaintiff in error's trains, running between Orange and Gordonsville, between ten and eleven o'clock on the morning of Wednesday, the 7th day of April, 1909, certain fence posts used to enclose the railway company's track through the lands of Col. Chapman were set on fire, and if this fire was not communicated from the burning posts to his adjoining lands, it was communicated by sparks thrown from one of plaintiff in error's engines into the broom-sedge field of Col. Chapman, and from thence communicated itself to the woodlands of Col. Chapman and from his woodlands to the woodlands of defendant in error, resulting in the damage to her standing trees of which she complains.

On the other hand, plaintiff in error, while not controverting the fact that one of its trains set out the fire which

burned the broom-sedge field of the "Easton tract" be-
longing to Col. Chapman and that it is liable to him for
whatever damage he has sustained thereby, contends that
the fire which reached the lands of defendant in error and
caused the damage to her growing trees thereon, for· which
she sues, was communicated to her lands from a forest
fire starting the Sunday night or Monday before in the
woods a short distance northeast of Gordonsville, near the
point where the De Souroux road intersects the Ridge
road, with the origin of which forest fire plaintiff in error
had no connection; that this fire continued to burn on Mon-
day and Tuesday preceding the Wednesday of the fire in
question and progressed down the Ridge road northerly,
on the south side thereof, until it reached the lands of
George Goodman and Hugh Goodman; and that it then
crossed to the north side of the Ridge road and communi-
cated itself to the lands of George Goodman and Hugh
Goodman, and from Hugh Goodman to the lands of Col.
Chapman, and from the latter's lands to the lands of de-
fendant in error in the forenoon of Wednesday, April 7,
when the alleged damage to her timber was done.

Upon the plea of the general issue, "not guilty," the
case was tried, and the jury, after a view of the scene of
the fire, and hearing the evidence adduced before them,
rendered a verdict for defendant in error (plaintiff below)
assessing her damages at $2,500; but the trial court being
of opinion that the quantum of damages found by the jury
was excessive or not supported by the evidence, though
sufficient to sustain the verdict for $1,266.50, put de-
fendant in error to her election either to release and remit
the damages assessed by the jury in excess of $1,266.50 or
to have the verdict set aside by the court and a new trial
granted; thereupon defendant in error, under protest, re-
leased and remitted all of the damages assessed by the
jury in excess of $1,266.50; whereupon the court over-

ruled plaintiff in error's motion to set aside the verdict and entered judgment thereon, to which judgment this writ of error was awarded.

The original declaration filed at rules held in the clerk's office of the circuit court on the third Monday in April, 1910, claimed damages to the amount of $1,200, based upon the burning over of about 192 acres of defendant in error's lands, thereby consuming all the growth on the cleared land and the dry leaves and combustible matter upon the woodland, killing, injuring and greatly damaging the growing timber upon the woodland; and after the case had been remanded to rules for a new writ to be issued upon the declaration, which was done, and the case again put on the court's docket for trial, and after subsequent continuances from time to time until the April term of the court, 1912, it was called for trial; whereupon, defendant in error, immediately before the jury was empaneled and sworn to try the issue, asked leave to amend her declaration by inserting at the proper place "422 acres," instead of "192 acres" appearing in the declaration, and by inserting "$2,500.00 damages" in lieu of "$1,200.00 damages" claimed in the declaration, which motion the court, over the objection of plaintiff in error, granted; and thereupon the case went to trial upon the issue joined on the plea of the general issue.

The ruling of the court, permitting the amendment of the declaration just stated, is made the foundation of plaintiff in error's first assignment of error here.

As there was no offer at the time to amend the writ in like manner as the declaration was amended, plaintiff in error contends that the amendment of the declaration produced a variance between the writ and the declaration, and that the judgment of the trial court should be reversed for this cause.

Whether there is a variance between the writ and the

declaration cannot be judicially determined from the record, since no oyer was craved of the writ for the purpose of making it a part of the record. If the amendment of the declaration produced the alleged variance, plaintiff in error could have craved oyer of the writ for the purpose of making the variance appear, and thereupon, if the variance appeared, moved to quash the writ because of the variance between it and the declaration; but this was not done, and had it been done doubtless defendant in error would have asked and been granted leave to amend the writ in like manner as the declaration was amended, and thus cured the variance. Neither did plaintiff in error move for a continuance of the case, nor did it indicate in any way that it would be surprised or prejudiced in making its defense by permitting the amendment of the declaration, but instead pleaded generally to the declaration as amended, and went to trial. In these circumstances theories of surprise and injury in making its defense, advanced for the first time in this court, can not avail plaintiff in error as a valid reason for reversing the judgment of the trial court complained of. It is true that the objection involved here is not that the writ was illegally issued and executed, but the matter is none the less in abatement only, which was not taken advantage of by plea or demurrer, but issue joined on the case made by the amended declaration, and, therefore, it is to be conclusively presumed that the amendment is harmless and in no manner prevented or hindered plaintiff in error in making full defense to the action. *Tabb* v. *Gregory,* 4 Call (8 Va.) 225.

That the amendment of the declaration objected to was proper in the circumstances disclosed by the record needs no citation of authority. The original declaration gave only a general description of the lands of defendant in error alleged to have been burned over and stated the num-

ber of acres to be about 192, while the amended declaration gives but a better description of the *locus in quo* burned over by the fire alleged to have been set out by plaintiff in error, an amendment which the court would doubtless have required had objection been made by plaintiff in error that the original declaration was too general in its description of the *locus in quo*.

Sections 3259 and 3260, Code of 1904, do apply and were intended to control in just such cases as this. They are as follows:  "In other cases a defendant, on whom process summoning him to answer appears to have been served, shall not take advantage of any defect in the writ or return, or in any variance of the writ from the declaration, unless the same be pleaded in abatement.  And in every such case the court may permit the writ or declaration to be amended so as to correct the variance, and permit the return to be amended upon such terms as to it shall seem just."

"Where the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exception for want of such jurisdiction shall be allowed unless it be taken by plea in abatement.  No such plea, or any other plea in abatement, shall be received after the defendant has demurred, pleaded in bar or answered to the declaration or bill, nor after a decree *nisi* or conditional judgment at rules."

The error complained of, referring to plaintiff in error's bill of exceptions No. 2, is predicated upon the action of the trial court in permitting over its objection witnesses E. P. Taylor and Col. Chapman, for defendant in error, to testify as to the conformation of the ground where the fire which caused the injury she sued for was alleged to have been set out.  This evidence is objected to mainly on the ground that it was admitted at the wrong stage of the trial and was, therefore, "certainly incompetent."

The question presented goes merely to the order of introducing the testimony, and this court has repeatedly held that the order of the examination of witnesses lies chiefly in the discretion of the trial court, and its exercise is rarely, if ever, to be controlled by an appellate court; and its action in this regard is not reviewable where, as in this case, no prejudice or injury to the party objecting is shown. *Burke* v. *Shaver,* 92 Va. 345, 23 S. E. 749; *Southern Ry. Co.* v. *Stockdon,* 106 Va. 693, 56 S. E. 713; *McIntire* v. *Smith,* 108 Va. 736, 62 S. E. 930.

The third assignment of error is predicated upon plaintiff in error's exceptions Nos. 3 and 4, relating to the admissibility of certain evidence, which assignment is not pressed either in the petition for this writ of error or in the oral argument, and as we think it is clearly without merit it will not be further considered.

The next error assigned relates to instruction No. 1 given for defendant in error, which is as follows: "The court instructs the jury that the positive testimony of a single credible witness that he saw or heard a particular thing at a particular time ought ordinarily to outweigh that of a number of witnesses equally credible, who, with the same opportunities, testify that they did not see or hear it, but the negative statement of a credible witness, who had the same opportunity to see or hear and whose attention, because of particular circumstances, was equally drawn to the disputed point, becomes positive evidence, and it is for the jury to decide between the two views."

In the complaint made by plaintiff in error of this instruction much stress is laid upon its first clause and little, if any, importance is attached to the remaining portion of it. The insistence of counsel for plaintiff in error is that the first part of the instruction invaded the province of the jury in passing upon the weight of the evidence, and that the latter part of the instruction qualifying the lan-

guage used in the first part of it does not cure the error complained of.

We do not understand the instruction, when read as a whole, as an expression or instruction from the court to the jury as to which theory of the case they should adopt, or to, in any way, trench upon the prerogative of the jury as the exclusive triers of the facts. The office of an instruction given by a trial court to the jury is to guide them as to the law applicable to the case that the evidence tends to prove, and must be so framed that it leaves the jury untrammelled in passing upon the credibility of the witnesses testifying in the case and the weight to be given their evidence.

The instruction here in question has not been directly passed upon by this court, but the rule of law it propounded to the jury, with respect to positive and negative testimony, has been well established in this State and in other jurisdictions.

The opinion of the court delivered by Riely, J., in *Southern Ry. Co.* v. *Bryant,* 95 Va. 212, 28 S. E. 183, says: "It is consonant with reason and human experience that the positive testimony of a single witness, whose credibility is unimpeached, that he saw or heard a particular thing at a particular time and place, ought ordinarily to outweigh that of a number of equally credible witnesses, who, with the same opportunities, testify that they did not see nor hear it. The particular thing might have taken place, and yet from inattention they may not have seen, nor heard it, or, though conscious of seeing or hearing it at the moment of its occurrence, may have afterwards forgotten it from lapse of time or defective memory. In such case, the evidence of the one witness is positive, while that of the many is merely negative. But where a witness, who denies a fact in question, has as good opportunity to see or hear it as he who affirms it, and his attention, because of special

circumstances, was equally drawn to the matter controverted, the general rule that the witness who affirms a fact is to be believed rather than he who denies it does not hold good. The denial of the one in such case constitutes positive evidence as well as the affirmance of the other, and produces a conflict of testimony."

It is true that the court there was discussing the evidence in the case to reach the conclusion which it did, that the trial court had not erred in overruling the motion to set aside the jury's verdict as contrary to the law and the evidence; still the rule of law and the reason therefor with respect to positive and negative testimony was fully recognized in language very nearly the same as is embodied in the instruction complained of here.

In *Southern Ry. Co.* v. *O'Bryan,* 119 Ga. 147, 45 S. E. 1000, the Supreme Court of Georgia held, that it was not error to charge the jury that positive testimony is rather to be believed than negative, with the qualification that "other things are equal, and the witnesses are of equal credibility." *Railway Co.* v. *Bingham,* 105 Ga. 498, 30 S. E. 934.

The cases of *St. Louis, &c.,* v. *Brock,* 69 Kan. 448, 77 Pac. 86, and *Payne* v. *Delaware, &c., R. R. Co.,* 212 Pa. 143, 61 Atl. 817, are authority for the proposition that where there is positive evidence given by those in charge of a train that the whistle was sounded at a crossing, and negative evidence of those witnesses within hearing that they did not hear it, the court should, on request, call the attention of the jury to the fact that the law gives a preference to positive over negative testimony.

In the case of *Rhodes* v. *United States* (C. C. A.), 75 Fed. 740, it was held not to be error to charge the jury that it is for them to consider how much certain testimony of a negative character is worth as against positive testimony, and that ordinarily the evidence of a witness who swears

positively that he saw something, is more valuable than that of witnesses who say they did not see it. So in a number of decided cases, among them *Del. L., &c., R. Co.* v. *Devore,* 114 Fed. 155, 52 C. C. A. 77, and *Indiana I. & I. R. Co.* v. *Otstot,* 212 Ill. 429, 72 N. E. 387, it is held that an instruction that positive testimony of witnesses that a whistle was blown and a bell rung is entitled to more weight than testimony of other witnesses that did not hear the one or the other, is not erroneous, provided the instruction contains the qualification that "other things are equal and the witnesses are of equal credibility."

The instruction No. 1 we have before us sets forth clearly the requisite qualification, where the jury are told that the law gives a preference to positive over negative testimony; it instructs the jury as to the law, but does not, as is so earnestly argued, express or intimate an opinion on the part of the court with respect to the weight of the evidence; and we are, therefore, of opinion that there is no error in the giving of the instruction.

Exceptions were taken to defendant in error's instructions Nos. 2, 3 and 4, and a general objection thereto made in the petition for this writ of error, but no error is pointed out in either of these instructions, and as we are unable to discover any they will not be considered further.

The remaining assignment of error relates to the refusal of the trial court to set aside the verdict of the jury because contrary to the law and the evidence, and because of excessive damages allowed.

As has been observed, the question of fact submitted to the jury was, whether the fire which reached and burned over defendant in error's woodland was set out by one of plaintiff in error's trains on the same day, April 7, 1909, or had its origin in the woods a short distance northeast of Gordonsville, starting on Sunday night or Monday next preceding April 7, and spoken of in the record as

the "forest fire"; the theory of defendant in error being that the fire causing the damage to her property, of which she complains, was set out by plaintiff in error's train running between Orange and Gordonsville, between ten and eleven o'clock on the morning of Wednesday, April 7, while the theory of plaintiff in error is that the "forest fire" starting on the Sunday night or Monday before continued to burn and spread from Monday till Wednesday, communicating itself first to the lands of George Goodwin, second to the lands of Hugh Goodwin, thence to the lands of Col. Chapman, and from the latter's lands to the lands of defendant in error, in the forenoon of Wednesday, April 7.

As is usual in such cases, there is a mass of testimony appearing in the record, much of which is irrelevant, and it is wholly unnecessary for us to attempt to review it in this opinion. Much stress is laid by counsel for plaintiff in error upon the alleged fact that the verdict of the jury must rest mainly upon the testimony given by defendant in error's witnesses, Sam Brown and L. I. Rumsey, who make positive statements as to the origin of the fire on Col. Chapman's lands, and how it continued to burn until it reached the lands of defendant in error Wednesday evening, April 7; while a number of witnesses for plaintiff in error , (though not similarly situated) show that the statements of Sam Brown and Rumsey could not possibly be true. Stress is also laid upon the fact that Rumsey when testifying in this case was himself the plaintiff in another suit against plaintiff in error for the recovery of damages caused by the same fire.

The evidence in the case has been carefully looked to, having due regard for the familiar rule governing its consideration, and we cannot say that the jury's finding of the fact that the fire which caused the damage for which this suit is brought was set out as alleged in defendant in

error's declaration, is not supported by sufficient evidence; nor would we be warranted in holding that the damages for which the court entered judgment on the verdict with defendant in error's consent are excessive.

The case, as we have seen, was fairly submitted to the jury under the instructions of the court, the evidence throughout was conflicting, and "in such case the preponderance of the evidence cannot influence the action of the court in considering a motion for a new trial. The jury may discard the preponderance of evidence as unworthy of credence, and accept the evidence of a single witness upon which to base their verdict, and upon well settled principles the verdict cannot be disturbed if the evidence of that witness is sufficient, standing alone, to sustain it. Under repeated decisions of this court, the verdict of a jury cannot be set aside unless there is a palpable insuffiency of evidence to sustain it." *Morien* v. *Norfolk & A. T. Co.,* 102 Va. 622, 46 S. E. 907, and authorities cited.

It follows that the judgment of the circuit court here complained of has to be affirmed.

*Affirmed.*