## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### PERKINS V. SOUTHERN RAILWAY COMPANY.

#### March 11, 1915.

1. DEMURRER TO EVIDENCE—*Conflict as to Contributory Negligence.* Where the negligence of the defendant is conceded, and the evidence on the question of the contributory negligence of the plaintiff is in irreconcilable conflict, involving the intelligence, integrity and veracity of opposing witnesses, on a demurrer to the evidence by the defendant, the court should enter judgment for the plaintiff.

2. EVIDENCE—*Positive and Negative Witnesses—Opportunity for Observation.*—The positive testimony of a single credible witness that he saw or heard a particular thing at a particular time ought ordinarily to outweigh that of a number of witnesses, equally credible, who, with the same opportunity, testify that they did not see or hear it, but where a witness who denies a fact in question has as good opportunity to see and hear it as he who affirms it, and his attention, because of special circumstances, was equally drawn to the matter controverted, the general rule that the witness who affirms a fact is to be believed rather than he who denies it, does not hold good. The denial of the one in such case constitutes positive evidence as well as the affirmance of the other, and produces a conflict of testimony to be decided by the jury.

Error to a judgment of the Circuit Court of Pittsylvania county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Volney E. Howard* and *Wm. M. Murrell,* for the plaintiff in error.

*William Leigh,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is a crossing case in which the negligence of the defendant in failing to give the statutory signals is conceded. The circuit court sustained the defendant's demurrer to the plaintiff's evidence; and the narrow question for our consideration is whether or not the alleged contributory negligence of the plaintiff in error was so clearly proved as to have justified the court in withdrawing the question from the jury.

The material facts from the standpoint of a demurrer to the evidence may be thus summarized: On Sunday afternoon, June 15, 1913, D. G. Hagood, who was the owner of a wagon and pair of mules, invited the plaintiff, a girl seventeen years old, and four other persons, to drive with him and his wife to a religious meeting near Stokeland. Stokeland is a station on defendant's railroad, five miles south of Danville and close to Cook's crossing, where the Greensboro road passes over the railroad. The railroad is double-tracked, and at the place of the accident is practically straight and runs north and south. The highway along which Hagood and his party were traveling diverges from the railroad at Dick Williams' crossing (half a mile north of Cook's crossing) and follows a ridge in the form of a bow, which at the farthest point is about one hundred and twenty yards from the railroad. The road then curves in the direction of Cook's crossing down a gradual incline until within a short distance of the tracks, when it ascends to the higher level of the roadbed. There was a dense growth of trees and bushes along the highway which shut out the view of the railroad except at a point one hundred and twenty feet from the crossing, where a narrow road leads into the main road. This cross-road forms an opening through which a passing train momentarily could be seen from the main road. After leaving that road the view is

again obstructed by woods and an embankment to within twenty-two feet of the first track. On entering that space the view of the track in the direction of Danville is clear for two thousand feet. Northbound trains pass over the eastern track and southbound trains over the western track. The wagon was crossing from east to west, and the collision was with a southbound train. As the wagon passed the rift in the woods, Hagood, the driver, and others looked through the opening, but no train was visible. Thereupon he remarked to his companions that they would have to listen for trains as they could not be seen, and they did listen as they approached the track but heard none. The mules were in a walk, and their speed was still further slackened, though they were not brought to a stop, before going on the track. Hagood was sitting in the fore part of the wagon bed and first reached the point from which approaching trains could be seen; he looked both ways, and seeing that the tracks were clear, drove on. When the wagon had passed the embankment far enough to bring the tracks within the line of vision of the plaintiff, who was sitting toward the rear end of the wagon, the mules had reached the east track. She immediately looked in both directions and no train was in sight. She then looked again in the direction of Danville and was the first one to discover the southbound train which had then come in sight, and instantly gave the alarm. Hagood testified that it was then impossible to back the team, and he drove forward as fast as he could, but the train, which was behind time and running at the rate of forty or forty-five miles an hour, struck the rear end of the wagon, breaking it up, and all the occupants were more or less injured.

Upon the issue of the plaintiff's contributory negligence there was an irreconcilable conflict of evidence, involving the intelligence, integrity and veracity of opposing witnesses, and the burden rested upon the defendant to estab-

lish the plaintiff's negligence to the satisfaction of the jury. To say the least, we are unable to affirm that the evidence makes out a case of contributory negligence so plain as to have warranted the court in taking it away from the jury. *Southern Ry. Co.* v. *Aldridge*, 101 Va. 142, 43 S. E. 333.

In *Bass* v. *Norfolk Ry. & Light Co.*, 100 Va. 1, 8, 40 S. E. 100, 102, it was said: "Whether or not the plaintiff's intestate, under all the facts and circumstances of the case, was guilty of contributory negligence is a question about which reasonably fair-minded men might differ. The inferences to be drawn from the evidence must be certain and incontrovertible, or they cannot be decided by the court. It was, therefore, a question for the jury  *  *  *. And since the jury might have found for the plaintiff on the question of contributory negligence of the plaintiff's intestate, on the defendant's demurrer to the evidence the court must so find."

That is the settled rule in this court. *Carrington* v. *Ficklin*, 32 Gratt. (73 Va.) 670; *Kimball & Fink* v. *Friend*, 95 Va. 125, 27 S. E. 901; *Marshall* v. *Valley Ry. Co.*, 99 Va. 798, 34 S. E. 455; *Fisher* v. *C. & O. Ry. Co.*, 104 Va. 643, 52 S. E. 373, 2 L. R. A. (N. S.) 954; *C. & O. Ry. Co.* v. *Williams*, 108 Va. 689, 62 S. E. 796; *A. C. L. Ry. Co.* v. *Grubbs*, 113 Va. 214, 74 S. E. 144; *Higgins* v. *Southern Ry. Co.*, 116 Va. 890, 83 S. E. 380; *Saunders* v. *Southern Ry. Co.*, POST, p. 354.

The case of *C. & O. Ry. Co.* v. *Chapman*, 115 Va. 32, 78 S. E. 631, involved, as this case involves, the question of the comparative weight to be given to the positive and negative testimony of witnesses. The court there, speaking through Cardwell, J., held: "The positive testimony of a single credible witness that he saw or heard a particular thing at a particular time ought ordinarily to outweigh that of a number of witnesses, equally credible, who, with the same opportunities, testify that they did not see or hear

it, but where a witness who denies a fact in question, has as good opportunity to see and hear it as he who affirms it, and his attention, because of special circumstances, was equally drawn to the matter controverted, the general rule that the witness who affirms a fact is to be believed rather than he who denies it does not hold good.. The denial of the one in such case constitutes positive evidence as well as the affirmance of the other, and produces a conflict of testimony to be decided by the jury."

The case of *Higgins* v. *Southern Ry. Co., supra,* is quite similar in its facts to the case at bar. There, as here, the train without ringing the bell or sounding the whistle as the statute prescribes, ran into a wagon at a public crossing, destroying the wagon and killing the horses and driver and a woman and her child. The defendant demurred to the evidence, and relied on the defense of contributory negligence. The trial court sustained the demurrer to the evidence and entered judgment for the defendant; but this court, reiterating the oft-repeated rule that negligence cannot, as matter of law, be predicated on a state of facts upon which fair-minded men might differ, reversed the judgment and overruled the demurrer to the evidence.

For these reasons, we are of opinion that the judgment of the circuit court must be reversed, the demurrer of the defendant to the plaintiff's evidence overruled, and judgment entered in favor of the plaintiff for the amount of damages provisionally awarded by the verdict of the jury, with interest from the date of the verdict, and costs.

*Reversed.*