# Richmond.

## CORE V. WILHELM.

### January 16, 1919.

1. DEMURRER TO THE EVIDENCE—*Truth of Plaintiff's Evidence.*—On a demurrer to the evidence the truth of the evidence for the plaintiff and all just inferences which a jury might draw from it are admitted.

2. AUTOMOBILES—*Street Crossings—Rights and Duties of Driver and Pedestrian.*—The rights of a driver of an automobile and a pedestrian at a street crossing are equal and reciprocal, and it is the duty of each to look out for the other.

3. AUTOMOBILES—*Street Crossings—Rights and Duties of Driver and Pedestrian—Case at Bar.*—In an action by a pedestrian against the driver of an automobile for injuries sustained while attempting to cross a street, the defendant saw, or ought to have seen, the plaintiff attempting to make the crossing, and it was her duty to have her car under such control that she could have stopped it if necessary in order to have avoided the accident. The injury occurred at a corner where the defendant might reasonably have expected to encounter foot passengers crossing the street, and it was her duty to keep a look out for them. Her view was unobstructed—"there was no other automobile on the block"—and she had no right to endanger the lives or limbs of other people on the street whose rights in the street were equal to her own. She gave no signal of her approach and there was no evidence that she lessened her speed.

    *Held:* That a jury would have been warranted, under these circumstances, in inferring that she did not have her car under such control as would have enabled her to have avoided the injury and that she was negligent in its operation.

4. AUTOMOBILES—*Street Crossings—Duty of Pedestrian—"Look and Listen."*—The rule of "look and listen" applicable to grade crossings of steam railroads is not applicable to street crossings. The measure of duty imposed upon a pedestrian about to cross a city street, where motor vehicles of all kinds are frequently passing, is that he shall use such care as a person of

ordinary prudence would use under like circumstances, and whether or not he did use such care is ordinarily a question for the jury. Of course, he cannot blindly, or negligently expose himself to danger, but he is not required to be continuously looking and listening to ascertain if automobiles are approaching, under penalty that upon failure to do so, if he is injured, his negligence must be conclusively presumed.

5. AUTOMOBILES—*Street Crossings—Duty of Pedestrian—"Look and Listen."*—While the pedestrian must bear in mind the dangers he may encounter in the street, he is only bound to use such precautions for his own safety as the danger to be apprehended would reasonably suggest to a person of ordinary prudence.

6. AUTOMOBILES—*Street Crossings—Duty of Pedestrian — "Look and Listen"—Burden of Proof.*—In the case at bar it affirmatively appears that the plaintiff looked just as he started to cross the street, and the way appeared clear, as there was no automobile in the block. What, if any, further precautions he took for his safety does not affirmatively appear from the evidence. The failure to take such precautions was a matter of defense, as to which the burden of proof was upon the defendant unless it was disclosed by the plaintiff's evidence, or was fairly to be inferred from all the circumstances, for it is as much the duty of the defendant to show the negligence of the plaintiff as it is of the plaintiff to show the negligence of the defendant.

7. PRESUMPTIONS AND BURDEN OF PROOF—*Recklessness—Contributory Negligence.*—The instinct of self preservation generally forbids the imputation of recklessness, and, in the absence of evidence as to the want of due care on the part of the plaintiff, in an action against the driver of an automobile for injuries sustained in an accident at a street crossing, the jury would have been warranted in inferring that the plaintiff was not negligent and hence, on a demurrer to the evidence by the defendant, the court must so find.

Error to a judgment of the Circuit Court of city of Norfolk, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

1914.

The opinion states the case.

*Baird & Swink,* for the plaintiff in error.

*Levy & Mitchell,* for the defendants in error.

BURKS, J., delivered the opinion of the court.

This is an action to recover damages for a personal injury inflicted on the plaintiff by the defendant by striking him with an automobile at a street crossing in the city of Norfolk. The collision and the consequent injury to the plaintiff is not denied, but the defense is that the defendant was not negligent, or, if she was, that the plaintiff was also guilty of negligence proximately contributing to his injury. The defendant offered no evidence, but demurred to the evidence offered by the plaintiff. The jury assessed the plaintiff's damage at $2,000.00 and the court overruled the defendant's demurrer and entered up judgment on the verdict for the plaintiff. To that judgment this writ of error was awarded.

The collision occurred at a regular crossing of Granby street in the city of Norfolk, but the details of it are very meager. Only two witnesses testify as to what occurred at the time—the plaintiff and a policeman. The plaintiff was a Russian, who could neither understand nor speak the English language, and gave his testimony through the medium of an interpreter. He arrived in the city by boat from Newport News only a few hours before the accident, and, after walking up Granby street for some distance, was attempting to cross in quest of Church street to which he had been directed. His account of what occurred is that he went to the corner and attempted to cross Granby street, and proceeded as far as the first track of the street car line when he was struck by the auto-

mobile which ran over his ankle and also badly injured one of his wrists. He says he looked just when he left the sidewalk, and that there was no automobile in that block, but that "there was an automobile in the other block," that the latter was a long distance from him, and was far enough away for him to cross the track, and that no gong was sounded or bell rung, and that he did not hear the machine approaching. On cross-examination, he states that he came from a city in Russia-Poland, where they have automobiles and street cars; that the whole street was empty, and that the automobile which struck him was the only one in the block at the time. When asked what part of the machine struck him, he replied, "if he could see it he would run away from it." This is practically all of his testimony relating to the accident. His wounds were of quite a serious nature. The policeman's statement is that he could not tell how many machines were in the block at the time, but that he saw the defendant coming down Granby street at five minutes to seven on November 2, that she ran into the plaintiff and knocked him out into the street, and that he "saw the man fall from the automobile;" that she never made any attempt to stop after striking him, until he stopped her; that she did not go back with the machine to pick him up; and that he did not hear her blow a horn, or ring a gong. He estimated the distance of the scene of the accident from him at one hundred and fifty feet. He also stated that the street lights were burning at the time. The defendant, who was called as witness for plaintiff, admitted that she was operating an electric automobile which came in contact with the plaintiff on Granby street, Norfolk, Va., on November 2, 1916. The foregoing is the substance of the evidence demurred to, and is given largely in the language of the witnesses themselves.

[1, 2, 3] Admitting the truth of this evidence and all just inferences which a jury might have drawn from it, as must be done on a demurrer to the evidence, the question is, would a jury have been warranted in finding a verdict for the plaintiff? The rights of the parties at the crossing were equal and reciprocal, and it was the duty of each to look out for the other. The defendant saw, or ought to have seen, the plaintiff attempting to make the crossing, and it was her duty to have had her car under such control that she could have stopped it if necessary in order to have avoided the accident. The injury occurred at a corner where the defendant might reasonably have expected to encounter foot passengers crossing the street, and it was her duty to keep a lookout for them. Her view was unobstructed—"there was no other automobile on the block" —and she had no right to endanger the lives or limbs of other people on the streets whose rights in the street were equal to her own. She was operating an electric automobile, approaching a crossing which the plaintiff was upon and attempting to cross, and she saw or ought to have seen him, and yet gave no signal of her approach. There is no evidence of the speed at which she was driving, or that the speed was lessened. The jury would have been warranted, under these circumstances, in inferring that she did not have her car under such control as would have enabled her to have avoided the injury and that she was negligent it its operation.

[4] The rights of the plaintiff and of the defendant at the crossing were equal and reciprocal. Neither had the right of way over the other, and each had the right to assume that the other would discharge the duty imposed upon him. The rule of "look and listen" applicable to grade crossings of steam railroads is not applicable to cases of this kind. The measure of duty imposed upon a pedestrian about to cross a city street, where motor vehicles of all kinds are

frequently passing, is that he shall use such care as a person of ordinary prudence would use under like circumstances, and whether or not he did use such care is ordinarily a question for the jury. *Va. Ry. & Power Co.* v. *Boltz,* 122 Va. 649, 95 S. E. 467. Of course, he cannot blindly, or negligently expose himself to danger, but he is not required to be continuously looking and listening to ascertain if automobiles are approaching, under penalty that upon failure to do so, if he is injured, his negligence must be conclusively presumed. *Hennessey* v. *Taylor,* 189 Mass. 583, 76 N. E. 224; *Shea* v. *Reems,* 36 La. Ann. 966.

In *Baker* v. *Close,* 204 N. Y. 92, 97 N. E. 501, 38 L. R. A. (N. S.) 487, the negligence of the defendant was admitted, but there was conflict in the testimony as to the plaintiff's contributory negligence. In that case it was said: "The footman is not required, as a matter of law, to look both ways and listen, but only to exercise such reasonable care as the case requires, for he has the right to assume that a driver will also exercise due care and approach the crossing with his vehicle under control. (*Buhrens* v. *Dry Dock E. B. & B. R. Co.,* 53 Hun. 571, 6 N. Y. S. 224, Aff'd 125 N. Y. 702). At such crossings both pedestrians and drivers are required to exercise that degree of prudence and care which the conditions demand. *Brooks* v. *Schwerin,* 54 N. Y. 343. It is impossible to formulate any more precise definition of these relative rights and duties."

In *Minor* v. *Mapes,* 102 Ark. 351, 144 S. W. 219, the facts were, that the plaintiff alighted from a street car, at the front end of it, which was customary, and started across the track in front of the car to go to the opposite side of the street. He hesitated at first, but the motorman told him to go ahead and he proceeded to cross. As he stepped beyond the end of the car, the automobile, which was running at ten or twelve miles an hour, struck him and knocked him down. He was just stepping on the other track

about four feet from the end of the car when the automobile struck him. It was a rainy day and he had his umbrella raised and was walking rapidly. He testified that the street car obstructed the view down the street and that as he passed the car he looked down the street but did not see the automobile approaching and failed to see it until too late to get out of the way. There was ample space between the street car and the other side of the street for the automobile to pass. It was there said: "It cannot be held that the failure of a pedestrian upon a public street to look up and down the street before crossing constitutes, under all circumstances, negligence as a matter of law. There is no statute or rule of law which raises a presumption of negligence from the failure of a pedestrian, on a public street, not at a railroad crossing, to look. The rule is that a pedestrian, having equal rights with others to the use of the streets, must exercise ordinary care for his own safety, and this is generally a question for the jury to say whether such care has been exercised."

[5] While the pedestrian must bear in mind the dangers he may encounter in the street, he is only bound to use such precautions for his own safety as the danger to be apprehended would reasonably suggest to a person of ordinary prudence.

[6] In the case at bar it affirmatively appears that the plaintiff looked just as he started to cross the street, and the way appeared clear, as there was no automobile in the block. What, if any, further precautions he took for his safety does not affirmatively appear from the evidence. The failure to take such precautions was a matter of defense, as to which the burden of proof was upon the defendant unless it was disclosed by the plaintiff's evidence, or was fairly to be inferred from all the circumstances, for it is as much the duty of the defendant to show the negligence of the plaintiff as it is the duty of the plain-

tiff to show the negligence of the defendant. *Southern R. Co.* v. *Bryant,* 95 Va. 212, 28 S. E. 183, and cases cited.

[7] The instinct of self-preservation generally forbids the imputation of recklessness, and, in the absence of evidence as to the want of due care on the part of the plaintiff, the jury would have been warranted in inferring that the plaintiff was not negligent and hence, on a demurrer to the evidence by the defendant, we must so find. In *Southern R. Co.* v. *Bryant,* 95 Va. 212, 220, 28 S. E. 183, this court, discussing the law applicable to an injury to a traveler at a grade crossing of a steam railroad, uses this language:

"If the defendant company relied upon contributory negligence on the part of the deceased to defeat a recovery by the plaintiff, it is well settled in this State, whatever may be the decisions elsewhere, that the burden was on the company to prove it, unless such negligence was disclosed by the evidence of the plaintiff, or might be fairly inferred from all the circumstances; and in the absence of such proof, the person injured must be presumed to have been without fault. *B. & O. R. Co.* v. *Wittington,* 30 Gratt. (71 Va.) 805; *Balto. & O. R. Co.* v. *McKenzie,* 81 Va. 71; *Southwest Improvement Co.* v. *Andrew,* 86 Va. 270, 273, S. E. 1015; *N. & W. R. Co.* v. *Gilman,* 88 Va. 239, 13 S. E. 475; *Kimball & Fink* v. *Friend,* 95 Va. 125, 27 S. E. 901. See also *Indianapolis, Etc. R. Co.* v. *Horst,* 93 U. S. 291, 298, 23 L. Ed. 896; *R. Co.* v. *Gladmon,* 15 Wall. 401, 21 L. Ed. 114; and 2 Wood on Railroads, 1455.

"It cannot be inferred as a matter of law, under the circumstances disclosed by the record, that because Bryant drove upon the track without stopping, he did not listen. The instinct of self-preservation forbids the imputation of recklessness to any one. Where a traveler is killed at a railroad crossing, and the negligence of the railroad company is established, in the absence of evidence to the con-

trary, the presumption is, though perhaps slight, that the traveler did his duty in approaching the crossing. *Kimball & Fink v. Friend, supra.* As has been aptly said by a learned author in discussing this question: 'One cannot fail to call to mind that contributory negligence is as distinctly a wrong in the plaintiff as negligence is in the defendant, and that it is as much against the principles of the law to presume it on the one side as on the other; resulting, therefore, in the conclusion, that the defendant can no more avail himself of the one than can the plaintiff of the other.' Bishop on Non-Contract Law, sec. 470."

In *Southern Ry. Co.* v. *Jones,* 118 Va. 685, 689, 88 S. E. 178, it is said that, "The inferences to be drawn from the evidence as to contributory negligence must be certain and incontrovertible, or they cannot be made by the court. If, under all the facts and circumstances of the case, it is a question about which reasonably fair-minded men may differ, it must be decided by the jury, and if the jury might have found for the plaintiff, on the defendant's demurrer to the evidence, the court must so find." See also *Perkins* v. *Southern Ry. Co.,* 117 Va. 351, 85 S. E. 401; *Saunders* v. *Southern Ry Co.* 117 Va. 396, 84 S. E. 650.

We find no error in the judgment of the circuit court, and it is, therefore, affirmed.

*Affirmed.*