# Richmond.

THE VIRGINIAN RAILWAY COMPANY v. FRANK W. BACON.

March 19, 1931.

Present, Prentis, C. J., and Campbell, Holt, Epes and Browning, JJ.

The opinion states the case.

*W. H. T. Loyall* and *Hall & Buford,* for the plaintiff in error.

*Thos. W. Ozlin* and *R. S. Weaver, Jr.,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

The plaintiff was injured in a crossing accident and for that injury has recovered a judgment for $5,000.00, which judgment is now before us on a writ of error.

This accident occurred east of Victoria and west of Kenbridge. The highway along which the plaintiff traveled crossed the railroad at an angle of about fifty degrees, which angle of approach, roughly speaking, was held for about two hundred feet, after which the county road bore to the east, and for somewhere about six hundred feet its approach was around thirty degrees, when it bore still further to the east and was more nearly parallel to the railroad's right of way. Somewhere about 1,600 or 1,700 feet east of the crossing is a small body of woods. Between these woods and the crossing there is an open field, and a traveler on the highway can see a train at any point within this space of seventeen hundred

feet, the only obstructions to the view being a barn and one dwelling house on a side road six hundred feet east of the crossing and three small piles of crossties on the right of way seventy feet east of the crossing and twenty feet south of the railroad. A passenger train, made up of two engines and three cars, came from the east as did the automobile in which plaintiff sat. One standing in the county road could see a train at any point over the piles of crossties, so that for practical purposes that which did the damage could have been seen by these travelers for more than 1,500 feet had any sort of proper care been exercised.

■ Bacon rode as a guest in a Ford runabout, driven by his friend, Mr. Gill. He sat on the right hand side and next to the railroad; Gill, who drove it, sat on the left. Their vision was obscured by the automobile curtains, which were up, but the day was clear and it is a matter of common knowledge that these curtains have in them windows of some kind through which one can see so conspicuous an object as a locomotive.

■ We have recently had occasion, in *Norfolk & W. Ry. Co.* v. *Wellons' Admr.*, 155 Va. 218, 154 S. E. 575, to consider the care which a guest riding in an automobile must exercise for his own protection, and need not repeat here what was said there. Moreover, Gill told Bacon that they were approaching this crossing and to look out, and this he claims to have done. That he did it carelessly is too plain for argument, for neither of these gentlemen saw this train at all until the moment of impact. They were traveling at a rate of eight to ten miles an hour, the train from twenty-five to thirty miles an hour. We are, therefore, met with the patent fact that plaintiff was guilty of primary negligence, and that his negligence contributed to his hurt.

■ ■ The first assignment of error deals with the instructions.

This is instruction "B" given at the instance of the plaintiff:

"The court further instructs the jury that contributory negligence on the part of the plaintiff, Frank W. Bacon, cannot be presumed. On the contrary, the said plaintiff is presumed to have exercised due and proper care at the time of the accident, in the absence of evidence to the contrary, and the burden is upon the defendant railway company to prove contributory negligence by a preponderance of the evidence to the satisfaction of the jury, unless the evidence offered by the plaintiff shows that he was guilty of contributory negligence, or unless it may be fairly inferred from all of the evidence and circumstances in the case."

It submits to the jury the question of contributory negligence. That is not here an open question. It is too patent for discussion, and no verdict based upon its non-existence could stand, nor was there any occasion to mention evidential presumptions which are resorted to in the absence of evidence and have no place in a case in which all of the facts fully appear and which necessarily point to one conclusion. It would be improper to instruct the jury, when there was a plea of guilty, upon the law of reasonable doubt. *Wellons' Case, supra; N. & W. Ry. Co.* v. *Hardy,* 152 Va. 783, 148 S. E. 839; *Baltimore & O. R. Co.* v. *Goodman,* 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645; *Riggsby* v. *Tritton,* 143 Va. 903, 129 S. E. 493, 45 A. L. R. 280.

Instruction "C" is next the subject of criticism. This is that instruction: "The court instructs the jury that if they believe from the evidence that the plaintiff, Frank W. Bacon, was in the private automobile of W. L. Gill, by invitation, and that the plaintiff was exercising no control over the driver, then the negligence of W. L. Gill, if any, cannot be imputed to the plaintiff, but it was incumbent upon the plaintiff to use ordinary care for his own safety."

It is perfectly true that Gill's negligence cannot be imputed to Bacon. *Norfolk & W. Ry. Co.* v. *Wellons' Admr., supra.*

But that proposition here settles nothing, for Bacon was himself guilty of primary negligence.

■ Instruction "D" told the jury that "if they believe from the evidence that the defendant failed to give the statutory signals, as defined in Instruction A, and that the plaintiff was injured, then it is a presumption of law that such failure caused the injury; but the court instructs the jury that this presumption may be rebutted by the physical facts and circumstances surrounding the accident, or by positive evidence, and that it is for the jury to determine if there has been such rebuttal."

The presumption which obtains when there is proof of injury and a failure by the railroad to give the statutory crossing signals and nothing more, was considered in *Norfolk So. R. Co.* v. *Banks,* 141 Va. 715, 126 S. E. 662; *Gregory* v. *S. A. L. Ry. Co.,* 142 Va. 750, 128 S. E. 272; *Etheridge* v. *Norfolk So. R. Co.,* 143 Va. 789, 129 S. E. 680, and later in *Southern Ry. Co.* v. *Johnson,* 151 Va. 345, 146 S. E. 363.

The *Johnson Case* was decided on June 14, 1928, and is reported in 143 S. E. 887. It was there held that there was a presumption that such causal relation existed. A petition to rehear was filed, and on January 9, 1929, that opinion was modified, and as modified it is reported in 151 Va. 345, 146 S. E. 363, 368. The court said: "The original opinion has been slightly amended without changing the result, by omitting as *obiter dictum* any reference to any legal presumption to be drawn merely from proof of the injury and the failure to give the statutory signals * * *."

*Norfolk & Western Ry. Co.* v. *Mace,* 151 Va. 458, 145 S. E. 362, follows the *Johnson Case* as originally written, and was decided before that case had been reheard, so it is not authority on this point. The *Mace Case* merely adopted as settled law the rule laid down in the *Johnson Case.*

This matter has been carefully considered in an opinion this day handed down in the case of *Virginian Railway Com-*

*pany* v. *Haley,* post p. 350, 157, S. E. 776. The conclusions there reached are here approved, but it is not deemed necessary to restate them, or the reasons therefor, in detail.

Here there is no occasion to resort to presumptions at all, for something more is shown by the record than an injury and failure to give the required statutory signals.

We do not desire to be understood as receding from what is said in *N. & W. Ry. Co.* v. *Wellons' Admr., supra.* There the view was entirely unobstructed, and we held that it was impossible for those in the automobile not to have seen the approaching train. Here the automobile curtains were down, and Bacon must have looked through the window, which limited his angle of vision. The train which occasioned the damage came measurably from behind. He should have seen it, and his failure to do so was negligence, but we cannot, as a matter of law, go beyond this. The mere fact that he was careless in looking does not preclude a recovery, but must be weighed in mitigation of damages. It is possible that he might have heard the whistle, if sounded, and in that way have saved himself. Whether or not it was in fact blown is for the jury to say at another trial.

■ This is Instruction "E": "The court instructs the jury that they cannot find the plaintiff, Frank W. Bacon, guilty of contributory negligence if they believe from the evidence that, in approaching said track, and proceeding over said crossing, he exercised such precaution for his own safety as an ordinarily prudent and reasonable person would have exercised under the same circumstances, conditions and surroundings."

If this instruction can be sustained, it must be because there is some evidence to support the proposition that Bacon acted as a reasonably prudent man might have been expected to act, and was guilty of no negligence. There is no such evidence in the record. A passenger who is on the front seat and who is told that he is approaching a crossing, and to look out for approaching trains, is as a matter of law guilty of negligence

if he fails to see it when his view for more than a thousand feet is across an open field, and it would be a waste of printer's space to cite authorities in support of this proposition.

■ Instruction "F" brings into the case the burdened doctrine of the last clear chance. It told the jury "that if they believe from the evidence in this case that the defendant's servants, in charge of its first and second engines, saw, or, by the exercise of reasonable care, ought to have seen, that the automobile in which Frank W. Bacon was riding was approaching the crossing in front of the train, apparently as if the driver was unconscious of the danger, then it was the duty of the servants of the defendant company to use all the means in its power to do everything that could be reasonably done, under the circumstances, to avoid the injury here complained of; and if the jury believe from the evidence that the defendant was negligent in this respect, and that such negligence was a proximate cause of the injury of Frank W. Bacon, then they must find a verdict for the plaintiff. This instruction should be considered with instruction No. 7."

It undertakes to apply that doctrine to the facts here. It has no application. Here was an automobile, on a clear day, on level land, apparently under complete control, approaching a railway crossing at a rate of eight or ten miles an hour. There was nothing to apprise the train crew of the fact that these highway travelers were not fully conscious of the situation. Indeed, the slowness of their approach seemed to bear testimony to that fact. The train had the right of way and the presumption was that these men would exercise elementary prevision for their own protection. Any other rule would impose an unwarranted hardship upon railroads, and to require signals of distress at a crowded crossing whenever cars were seen approaching would detract materially from the comforts of those who chanced to live in that vicinity.

In *Wright* v. *Atlantic Coast Line R. Co.*, 110 Va. 670, 66 S. E. 848, 850, 25 L. R. A. (N. S.) 972, 19 Ann. Cas. 439,

the court said: "Further, no duty rested upon the servants of the defendant who were operating the train to either stop or slacken its speed. During all the time the plaintiff's mother was approaching along the public road to the crossing, she was in a position of safety, and there is no rule of law which charged the engineer with knowledge that she was about to change her position of safety for one of peril. The railroad company cannot be held liable for the failure of the engineer to anticipate that a person approaching a crossing is going to step upon the track immediately in front of a moving engine, unless there is something to suggest to the engineer that the person does not intend to remain in a place of safety. The rule is believed to be universal—it is certainly firmly established in this jurisdiction—that the engineer has the right, under such circumstances, to assume 'that the party is in the possession of his faculties and will retain his place of safety, and not recklessly expose himself to danger."

In *Heddles* v. *Chicago, etc., Ry. Co.,* 77 Wis. 228, 46 N. W. 115, 117, 20 Am. St. Rep. 106, this instruction was approved: "The mere fact that the traveler is approaching the track is not, of itself alone, sufficient to require the engineer to give an alarm or stop his engine, especially where it is in broad daylight, the engine plainly visible, the engine bell ringing, the traveler is an adult in apparent possession of his senses, and looking in the direction of the train. In such a case, the engineer would have the right to assume that the traveler would stop; but he cannot rest on such an assumption so long as to allow his engine to reach a point where it will become impossible for him to control his train or give warning in time to prevent injury to the traveler, supposing the traveler to continue in his course. *Pittsburgh, C., C. & St. L. Ry. Co.* v. *Nichols,* 78 Ind. App. 361, 130 N. E. 546; *State* v. *Washington, B. & A. Ry. Co.,* 145 Md. 285, 125 Atl. 538; *Hollister* v. *Hines,* 150 Minn. 185, 184 N. W. 856; *Gannett* v. *Boston & M. R. R.,* 238 Mass. 125, 130 N. E. 183.

In the instant case, both firemen, who sit on the left side of their cabs, saw the plaintiff's car, and testify that there was nothing to apprise them of danger until too late.

This instruction "F" should not have been given.

Plaintiff relies upon *Norfolk & W. Ry. Co.* v. *Mace, supra.* That also was a case in which a train was drawn by two engines. It was raining, the track was curved and ran through a cut just before reaching the crossing which was looked upon by the railroad itself as dangerous. The automobile in collision came down a road with an eight per cent grade, which turned sharply to the left immediately before crossing the railway track. The situation was such that the engineer of the first locomotive believed that an accident was imminent. He applied the emergency brake and sanded the track. This he could not do and blow his whistle at the same time, and his failure to sound a danger signal was found not to be negligence. The engineer of the second locomotive had no control over its running and it was not his duty to apply brakes. He also saw the danger in which Mace was and should have signalled him. He did not do so and his failure in this respect was held to be negligence. It is true that Mace's curtains were also down, but that was a dangerous crossing and Mace's truck was running down grade. In our case, the day was clear, the road was level, Bacon's car was under control and was traveling at a rate which made it possible to stop almost instantly. The firemen were of opinion that there was nothing unusual or alarming in the situation until a moment before the impact. They were justified in their assumption.

The court rejected instruction No. 4, tendered on behalf of defendant. That instruction reads: "The positive testimony of a single witness, whose credibility is not impeached, that he heard the bell ring or the whistle blow prior to the accident, ought ordinarily to outweigh the testimony of several

equally credible witnesses who, with the same opportunities to hear, testify that they did not hear the bell or the whistle, in the absence of any evidence showing that the witnesses who did not hear had a reasonable opportunity to hear and that their attention was especially directed to the ringing of the bell or the blowing of the whistle."

This instruction went too far. It might in some cases be proper, but it was not in this. The plaintiff testified positively that he was listening for a locomotive whistle, and that none was sounded. Mrs. R. S. Weaver was a train passenger who wished to get off at Victoria. She had a number of packages and was listening for the whistle that she might gather them up in time. With attention thus directed, she said that no crossing signal was given. This evidence, negative in form, is positive in substance. *Chesapeake & O. Ry. Co.* v. *Chapman,* 115 Va. 32, 78 S. E. 631; *Southern Ry. Co.* v. *Bryant's Adm'r,* 95 Va. 212, 28 S. E. 183. Its character and weight were discussed by Prentis, C. J., with painstaking care and thoroughness in *White* v. *Southern Ry. Co.,* 151 Va. 302, 144 S. E. 424. To that case those who care to pursue this subject further are referred.

It is next said that the court was in error in permitting Gill to testify that he had recovered a judgment for injuries suffered in this collision. This would, of course, have been manifestly improper but for the fact that it was brought out by the defendant itself. Gill was asked if he had not brought suit. It was then proper to tell the jury what result followed. Failure to do this might have carried with it the suggestion that Gill had himself failed in an effort to recover compensation.

By way of recapitulation, it may be said that Bacon was guilty of contributory negligence as a matter of law. If the crossing signals were given, he is not entitled to recover anything. If they were not given, he is entitled to recover, but

his own negligence should be considered by the jury in mitigation of damages. The doctrine of the last clear chance has no application.

For reasons given, this case is reversed and remanded that it may be retried in accordance with the views here expressed.

*Reversed and remanded.*